# EXHIBIT D

# EXHIBIT B

*Redacted version*

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

# MEMORANDUM OF UNDERSTANDING
# BETWEEN THE
# DEPARTMENT OF HOMELAND SECURITY
# CYBER CRIMES CENTER
# AND
# SNAP INC.

1. **PARTIES:**

    The Parties to this Memorandum of Understanding (MOU) are the Department of Homeland Security Cyber Crimes Center (DHS C3) and Snap Inc. (each a "Party" and collectively, "the Parties"). For purposes of this MOU, any reference to DHS C3, or it as a "Party" shall be interpreted to include U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and the DHS C3 Child Exploitation Investigations Unit (CEIU).

2. **AUTHORITIES:**

    The authorities for DHS C3 and Snap Inc. to enter into this Agreement are:
    a. 6 U.S.C. § 473
    b. 6 U.S.C. § 453

3. **BACKGROUND:**

    The DHS C3 is operated within HSI. As one of the units under DHS C3, CEIU coordinates child exploitation investigations and initiatives, to include a focus on child exploitation prevention. In furtherance of its child exploitation prevention responsibilities, DHS C3 CEIU carries out the "Know2Protect" campaign, an online Child Sexual Exploitation and Abuse (CSEA) awareness program that raises public understanding about the growing and emerging online CSEA threats and aims to protect children from online predators and combat the global online CSEA epidemic.

4. **PURPOSE:**

    The purpose of this MOU is to establish a framework of cooperation between DHS C3 and Snap Inc. to coordinate their respective CSEA-fighting efforts.

5. **RESPONSIBILITIES:**
    a. **The Parties** agree to:

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

      i. Per b.i.1. below, review and consider findings from any Snap Inc. authorized and funded cross-platform research that may inform awareness and educational efforts concerning online sexual risks, and discuss any potential joint public release of those results.

b. **Snap Inc.** agrees to:

      i. Support and promote the campaign by serving as a "foundational collaborator," from the technology sector, which will include the following:
1. Refining, conducting, and making available one final tranche of research about teens' and young adults' awareness of, and familiarity with, a variety of sexual-related online risks
   a. To collect this research, Snap Inc. only collects and shares participant responses. No personal user and/or consumer data will be shared with the Know2Protect campaign.
2. Exploring the creation of a Pledge2Protect campaign-themed lens available only on Snapchat. Pledge2Protect is a permanent sub-campaign of the Know2Protect campaign that will serve as a nationwide call to action to educate the public about internet safety.
   a. The U.S. government has not asked Snap Inc. to collect or share any information with HSI nor to use any of that data on Snap Inc.'s behalf through the Snapchat lens
      i. Snap Inc. agrees that it will not share user profile information, Know to Protect lens responses, or saved lens content of any kind for, or with, the U.S. Immigration and Customs Enforcement, Homeland Security Investigations (ICE HSI), Cyber Crimes Center, or Child Exploitation Investigations Unit (C3-CEIU), except as permitted by law.
3. Exploring the creation of innovative cobranded digital products like a Pledge2Protect sticker or bitmoji outfit available only on Snapchat. Should both parties determine they would like to pursue these additional innovative digital products, an addendum can be added to this MOU.
4. Providing advertising credit on the Snapchat app for the next (12) months of the campaign in the amount of ▮▮▮▮▮▮ ("Business Service Credits"). Any Business Services Credits not used will expire on 12/31/2025. ICE HSI, C3-CEIU, and DHS OPA may

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

        only use Business Services Credits to purchase advertising opportunities on Snapchat that are eligible for purchase using Business Services Credits via the Business Services (i.e., not via Insertion Order). Business Services Credits are non-transferable and may not be used in conjunction with any other discount, rebate, or benefit offered by Snap Inc. or its affiliates unless otherwise expressly authorized by Snap Inc. ICE HSI, C3-CEIU, and DHS OPA may only participate in one Snap Inc. incentive program at a time.

        a. Upon evaluation, this credit may be extended in similar ▮▮▮▮ increments for the duration of the campaign as agreed by the Parties up to a maximum of ▮▮▮▮

    ii. Coordinate with DHS C3 on press releases and public statements concerning or characterizing any and all deliverables associated with this MOU.

    iii. Disclose its partnership with the Know2Protect Campaign when distributing materials or information about the Know2Protect Campaign through press releases, social media, or any other form of written or oral communication.

c. **DHS C3** agrees to:
    i. Provide Know2Protect and Pledge2Protect DHS fully-cleared creative to Snap Inc. for all Know2Protect and Pledge2Protects ads and other engagement opportunities (e.g., lens or bitmoji outfits).

6. **TERMS AND CONDITIONS:**
   a. **Amendment and Modification -** The Parties may propose amendments or modifications to this MOU as needed. The proposed amendments or modifications shall be in writing and forwarded to the other Party for consideration. Amendments or modifications to this MOU shall become effective by mutual written consent of the signatories of this agreement or their successors.
   b. **Review -** The Parties agree that this MOU will be reviewed periodically to evaluate its effectiveness and make any necessary changes or updates.
   c. **Effective Date, Period of Agreement, and Termination -** This MOU is effective upon the signature of all Parties. This MOU will terminate December 31, 2025, unless extended by mutual agreement of all Parties. This MOU may be terminated by either Party with 30 days written notice to the other Party or earlier by mutual agreement of all Parties. This MOU may be immediately terminated by DHS C3 upon a determination that Snap Inc. has violated the terms of the MOU.

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

7. **ADMINISTRATIVE PROVISIONS:**
   a. **No Effect on Authorities** - Nothing in this MOU is intended to or will be construed to limit or affect in any way the authority or legal responsibilities of DHS, HSI, or DHS C3. Nothing in this MOU is intended to or will be construed to bind DHS or DHS C3 to perform beyond its authorities.
   b. **Separate Agreements**: Specific activities, if any, that involve the transfer or use of money, services, or property, to include trademarks, and intellectual property between or among the Parties will require execution of separate agreements or contracts; gifts or gratuitous services between or among the Parties may require execution of separate agreements or contracts pursuant to Section 7(g) of this MOU.
   c. **Applicable Law and Severability** - The terms of this MOU are not intended to alter, amend, or rescind any provisions of Federal or state law. The Parties shall comply with all applicable laws, rules, and regulations, whether now in force or hereafter enacted or promulgated. Any provision of this MOU that conflicts with Federal law shall be null and void and the remaining provisions shall remain intact. This MOU will be executed in full compliance with applicable privacy and confidentiality laws including, but not limited to, the Privacy Act of 1974; laws requiring the disclosure of records and information including, but not limited to, the Freedom of Information Act, and the recordkeeping requirements of the Federal Records Act.  Nothing in this MOU shall be construed to conflict with any policy or directive of DHS. If a term of this MOU is inconsistent with such policy or directive, that term shall be invalid to the extent of the inconsistency. The remainder of that term and all other terms of this MOU shall remain in effect.
   d. **Disagreements** - Should disagreement arise in the interpretation of the provisions of this MOU, or amendments and modifications thereto, that cannot be resolved at the operating level, the area(s) of disagreement shall be stated in writing by each Party and presented to the other Party for consideration.
   e. **OIG Review** - Under the Inspector General Act of 1978, as amended, a review of this MOU may be conducted at any time. The Parties recognize DHS Inspector General authorities, as they may relate to this MOU, codified at 5 U.S.C. § 406(a).
   f. **Funding -** This MOU neither contemplates nor results in the transfer of funds or creates a financial obligation between the Parties. Expenditures by the Parties in carrying out their respective responsibilities are subject to their budgetary processes and availability of funds and resources pursuant to applicable laws, regulations, and policies. No provision of this MOU shall be interpreted to require obligation or payment of funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law. Each Party shall bear its own costs, risks, and

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

liabilities incurred by it arising out of its obligations and efforts under this MOU. One Party cannot commit any other Party to any cost, expense, or obligation.

g. **Gifts and Gratuitous Services** – Any offers of monetary gifts or gifts of property (tangible or intangible) or services referenced or described in this MOU must be separately documented in writing and accepted by an agency official authorized to accept gifts. Acceptance of gifts under this provision must be done in accordance with applicable DHS and ICE policies. A separate gratuitous services agreement is required for all offers of uncompensated personal services.

h. **Liability** - Each Party agrees to be responsible for its own actions conducted pursuant to this MOU, and neither Party agrees to indemnify the other Party. DHS liability, if any, is limited to actions properly brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 through 2680. Snap Inc. liability, if any, is limited to damages incurred as a result of its activities conducted under this Agreement in accordance with applicable Federal and State laws.

i. **No Private Right of Action** - This MOU is strictly for internal management purposes for each of the Parties. It shall not be construed to create any legal obligation on the part of either Party. This MOU is between DHS C3 and Snap Inc. and does not confer or create any right, benefit, or trust responsibility, substantive or procedural, enforceable at law or equity, or by any third person or party (public or private) against the United States, its agencies, its officers, or any person.

j. **No Endorsement:** The Parties shall not take any actions, to include publicizing or circulating any materials (including advertisements, solicitations, brochures, press releases, speeches, pictures, movies, articles, manuscripts, or other publications) suggesting, expressly or implicitly, that DHS or any government employee endorses any brands, goods, or services outside the scope of any express written agreement.

k. **Anti-Lobbying:** The Parties shall not take any actions, including publicizing or circulating any materials (including advertisements, solicitations, brochures, press releases, speeches, pictures, movies, articles, manuscripts, or other publications) suggesting, expressly or implicitly, that DHS or any government employee supports or is engaged in any grassroots lobbying.

l. **Agency** - No agent or employee of any Party shall be deemed to be an agent or employee of any other Party.

m. **Not Exclusive** -This Agreement is not intended to be an exclusive arrangement. The relationship established in this Agreement in no way limits DHS, DHS C3, or Snap Inc. from establishing similar relationships with any other entity.

n. **No Assignment** - This MOU may not be assigned or otherwise transferred by either Party without the prior written permission of the signatory (or his/her successor) of the other Party.

Case 5:25-cv-04109-DDC-GEB   Document 11-4   Filed 12/02/25   Page 8 of 8
Case 3:25-cv-00676-MW-HTC   Document 23-10   Filed 06/13/25   Page 7 of 7

Docusign Envelope ID: 6101F2D2-6625-41CD-80C0-E82E9D917671

8. **POINTS OF CONTACT (POC):**

DHS C3:

    Name: Kate Kennedy

    Title: Campaign Director, Know2Protect

Snap Inc.:

    Name: Jacqueline Beauchere

    Title: Global Head of Platform Safety

9. **APPROVED BY:**

For the United States Department of Homeland Security,
U.S. Immigration and Customs Enforcement:

NAME: Derek Gordon  Date 02/18/2025

TITLE: Acting Deputy Executive Associate Director

For Snap Inc.:

NAME: Jennifer Stout  Date Feb 26, 2025

TITLE: VP, Global Public Policy