IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SNAP INC.,<br><br>　　　　Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**UNOPPOSED MOTION TO SEAL AND REDACT PORTIONS OF
DEFENDANT'S OPPOSITION TO
THE STATE'S MOTION TO REMAND**

Defendant Snap Inc. ("Snap"), pursuant to D. Kan. Rule 5.4.2, respectfully seeks leave to file a redacted version of its Opposition to the State's Motion to Remand [Doc. 23] ("Opposition") and redacted versions of certain exhibits to declarations submitted in support of the Opposition, and to file other exhibits submitted with that filing under seal. In support of this motion, Snap states as follows:

1.　　　Plaintiff, the State of Kansas, initiated this action in Washington County, Kansas on September 23, 2025. On November 12, 2025, Snap removed the case to the District of Kansas. [Doc. 1].

2.　　　Plaintiff filed a Motion to Remand on December 2, 2025 ("Motion"). [Doc. 11].

3.　　　Snap filed its Opposition on December 23, 2025. [Doc. 23]. Pursuant to D. Kan. Rule 5.4.2, the Opposition and certain exhibits to declarations submitted in support of the Opposition were filed provisionally under seal.

4. In conjunction with the filing, Snap filed a Notice of Proposed Sealed Record in accordance with D. Kan. Rule 5.4.2. [Doc. 26].

5. The right of public access to judicial records is not absolute and the court has discretion to seal documents "where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation omitted).

6. Snap is requesting that three exhibits ([Doc. 25-1], [Doc. 25-2], and [Doc. 25-3]) to the Declaration of Alec Goldberg [Doc. 28] filed in support of Snap's Opposition remain under seal in their entirety. In addition, Snap's Opposition quotes material from these exhibits. Snap requests that its Opposition [Doc. 23] be filed with these quotations redacted.

7. [Doc. 25-1], [Doc. 25-2], and [Doc. 25-3] are copies of the briefs describing three separate U.S. Food and Drug Administration ("FDA") advertising campaigns for which the FDA sought Snap's assistance. The existence of and nature of these campaigns are discussed in the Declaration of Alec Goldberg [Doc. 28] offered in support of Snap's Opposition. The contents of the actual campaign documents, however, should not be publicly filed as the FDA, through its marketing agency, directed to Snap that the information contained in these documents should be kept "strictly confidential." Ex. 1, Decl. of A. Goldberg ("Goldberg Sealing Decl.") ¶ 5. These documents describe specific FDA marketing and media strategies in detail. *See* [Doc. 25-1], [Doc. 25-2], [Doc. 25-3]. This Court has recognized that information regarding an entity's strategic planning and marketing strategies is confidential and protectible. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 2:17-md-02785-DDC-TJJ, 2020 WL 7396915, at *2 (D. Kan. Dec. 17, 2020).

8. Snap has maintained the confidentiality of [Doc. 25-1], [Doc. 25-2], and [Doc. 25-3] and has not publicly disclosed the information to third parties. Goldberg Sealing Decl. ¶ 6. Snap has referenced these documents in other litigation but, in doing so, has filed the documents under seal to protect their confidentiality. *See Off. of the Att'y Gen., State of Fla., Dep't of Legal Affs. v. Snap Inc.*, Case No. 3:25-cv-00676-MW-HTC (N.D. Fla. June 11, 2025), Dkt. No. 18 (motion to seal); *id.* at Dkt. No. 19 (order granting motion to seal). Based upon the FDA's direction, Snap is of the belief that the confidentiality of these documents has also been maintained by the FDA and its agency. Goldberg Sealing Decl.¶ 6.

9. Providing public access to the FDA's campaign briefs ([Doc. 25-1], [Doc. 25-2], and [Doc. 25-3]) would be at odds with Snap's confidentiality obligations to the FDA, a third party not involved in this litigation. *Id.* Based upon the FDA's directions, Snap is of the belief that the FDA has maintained the confidentiality of these campaign briefs and that the FDA would incur harm if the non-public information was to be made publicly available. *Id.* Violating these confidentiality obligations would be detrimental to Snap's relationship with the FDA. Further, Snap's public disclosure of these documents and the information within them could result in reputational harm that would threaten Snap's future engagements and partnerships with federal and state government agencies, which are a meaningful part of Snap's large customer sales organization. *Id.*

10. Snap's request is narrowly tailored to protect the asserted confidentiality interest. Snap's publicly available Opposition discusses the campaigns and their relevance to the pending Motion, with only two proposed redactions of material quoted directly from the campaign briefs. By filing [Doc. 25-1], [Doc. 25-2], and [Doc. 25-3] under seal, Snap is seeking to restrict only the information contained in the campaign briefs, which the FDA has designated as strictly

confidential, and is not otherwise publicly available. The remaining information in the Opposition will allow the public to discern the basis for the Court's decision-making process.

11. In addition, Snap is requesting permission for two exhibits ([Doc. 24-1] and [Doc. 24-2]) to the Declaration of Jacqueline F. Beauchere [Doc. 27], to be filed in the public record with redactions.

12. [Doc. 24-1] and [Doc. 24-2] are copies of two Memoranda of Understanding ("MOU") between Snap and the U.S. Department of Homeland Security ("DHS"). These MOU documents and the relationship between Snap and DHS are discussed in Snap's Opposition and the Declaration of Jacqueline F. Beauchere. [Doc. 27]. Snap proposes that certain information in [Doc. 24-1] and [Doc. 24-2] be redacted.

13. First, the MOU documents set out the framework for the collaboration between Snap and DHS for DHS's Know2Protect and Pledge2Protect programs, including the amounts of in-app advertising credits that Snap agreed to provide to DHS. Snap requests that the precise amount of advertising credits given to DHS be redacted from the documents.

14. The amount of advertising credits that Snap grants to DHS is highly sensitive and not publicly available information. Goldberg Sealing Decl. ¶ 8. "[C]onfidential financial information is often sealed where its disclosure could cause competitive harm." *United States ex rel. Schroeder v. Hutchinson Reg'l Med. Ctr.*, 777 F. Supp. 3d 1256, 1288 (D. Kan. 2025) (quoting *AH Aero Serv., LLC v. Heber City,* No. 2:17-cv-01118-HCN-DAO, 2020 WL 6135819, at *5 (D. Utah Oct. 19, 2020)).

15. The proposed redaction is narrowly tailored to protect this confidential information while allowing the public access to the substance of the MOUs.

-5-

16. The amount of advertising credits granted to DHS could be used by Snap's competitors to harm Snap's competitive position. Goldberg Sealing Decl. ¶ 8. Additionally, because the credit amount is unique to this particular contract, knowledge of that negotiated amount could have a negative impact on Snap's relationship with its other advertising customers. Snap could be harmed in future negotiations, both with DHS and with other customers or potential customers, if the amount of credits granted to DHS were publicly known. *Id.*

17. Second, the MOU documents include the names, email addresses, and telephone numbers of the Snap and DHS points of contact listed on the MOUs. Snap proposes to redact the telephone numbers and email addresses of those individuals, and the scanned wet-ink signatures of the Snap and DHS signatories.

18. The telephone numbers and email addresses of these individuals are generally not widely disseminated, and the individuals' privacy would be infringed upon if their contact information was filed in the public record. *See id.* ¶ 9. The interest in protecting the contact information of these individuals, which is not relevant to the merits and will not be used to determine the litigants' substantive rights, outweighs the presumption of public access. *See Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1242 (10th Cir. 2012) (describing the importance of access to information that informs the court's decision making process); *see also Kincaid v. Unified Sch. Dist. No. 500 Kansas City, Kansas,* No. 2:21-cv-2059-DDC-TJJ, 2022 WL 2046193, at *1 (D. Kan. June 7, 2022) (ordering that contact information of non-parties appearing in documents subject to a motion to seal, including phone numbers and e-mail addresses, be redacted).

19. The redaction of personally identifying information is narrowly tailored to the asserted confidentiality and privacy interests. Restricting public access to the contact information

of the individuals will serve the purpose of protecting the individuals' legitimate privacy interests while allowing public access to the substance of the MOUs.

20. Snap suggests that filing redacted versions of [Doc. 24-1] and [Doc. 24-2] will protect the confidential information while maintaining the public's interest "in understanding disputes presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest." *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Lexos Media IP, LLC v. Overstock.com, Inc.*, No. 2:22-cv-2324-JAR, 2025 WL 1918571, at *1 (D. Kan. July 11, 2025) (quoting *Crystal Grower's*).

21. Counsel for Snap has consulted with counsel for Plaintiff, and Plaintiff does not have any objection to Snap's proposal to seal/redact the referenced exhibits and quotations.

WHEREFORE, Defendant Snap respectfully requests that this Court enter an Order directing that exhibits [Doc. 25-1], [Doc. 25-2], and [Doc. 25-3] be filed under seal and that the reacted versions of [Doc. 24-1], [Doc. 24-2], and [Doc. 23] be maintained in the public record.

DATED: December 30, 2025               Respectfully submitted,


                                       By: /s/ *Brian C. Fries*
                                           Brian C. Fries (KS #15889)
                                           Carrie E. Josserand (KS #18893)
                                           Timothy J. Hadachek (KSD #79038)

                                           LATHROP GPM LLP
                                           2345 Grand Boulevard, Suite 2200
                                           Kansas City, MO 64108-2618
                                           Tel: (816) 292-2000
                                           brian.fries@lathropgpm.com
                                           carrie.josserand@lathropgpm.com
                                           timothy.hadachek@lathropgpm.com

Edward D. Greim (KS #21077)
Paul E. Brothers (KS #26863)
Matthew R. Mueller (KS #28499)
Katherine E. Mitra (KS #79151)
GRAVES GARRETT GREIM LLP
1100 Main Street, Suite 2700
Kansas City, Mo64105
Tel: (816) 256-3181
edgreim@gravesgarrett.com
pbrothers@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com

Jeannie S. Rhee (*admitted pro hac vice*)
L. Rush Atkinson (*admitted pro hac vice*)
Kyle Smith (*admitted pro hac vice*)
Elizabeth N. Brandt (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, D.C. 20004-2637
Tel: (202) 240-2900
jrhee@dirllp.com
ratkinson@dirllp.com
ksmith@dirllp.com
ebrandt@dirllp.com

Christine M. Ray (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 470-1306
cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

-8-

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 30, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ *Brian C. Fries*
      Brian C. Fries
      An Attorney for Defendant Snap Inc.

81696140v2