IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>  Plaintiff,<br><br>  v.<br><br>SNAP INC.,<br><br>  Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**<u>DECLARATION OF ALEC GOLDBERG IN SUPPORT OF MOTION TO SEAL</u>**

I, Alec Goldberg, hereby declare and state:

1.  I am a Client Partner at Snap Inc. ("Snap"). I have been in this position full-time since March 2025. In my role, I partner with organizations that operate large-scale advertising campaigns on Snap's platform. I work with these organizations to help them both design their advertising campaigns and optimize ongoing campaigns to most effectively reach their desired audiences.

2.  I am currently the assigned Client Partner for the U.S. Food and Drug Administration ("FDA"), which would include the FDA's Center for Tobacco Products. This declaration reflects my direct knowledge of Snap's work with government partners, which is part of my normal work responsibilities, as well as my review of documents in my predecessor's files and company files.

3.  I understand that Snap intends to file a motion for leave to file certain information and documents under seal, and that this declaration is made in support of that motion.

**EXHIBIT 1**

4.  As detailed below, the information Snap seeks to seal is confidential and/or subject to third parties' legitimate privacy interests.

5.  I understand that the first category of information consists of three campaign briefs sent by the FDA's agent to Snap in August and September 2024. These campaign briefs describe the FDA's marketing and media strategies in detail. The FDA, through its marketing agency, directed that the information contained in each document be kept "strictly confidential."

6.  Filing these documents under seal and maintaining under seal the information within them is necessary to maintain Snap's confidentiality obligations to the FDA, a third party not involved in this litigation. I understand that Snap has, to this point, maintained such information as strictly confidential, and has not disclosed the information to third parties. Based on the direction that the briefs be kept "strictly confidential," I am of the belief that the FDA and its marketing agency have also maintained the confidentiality of these briefs and that disclosure of non-public information about the FDA's marketing and media strategies threatens to harm its future campaign efforts. Moreover, Snap's public disclosure of these documents and the information within them could result in reputational harm that would threaten Snap's future engagements and partnerships with federal and state government agencies, which are a meaningful part of Snap's large customer sales organization.

7.  I understand that the second category of information relates to portions of two signed Memoranda of Understanding ("MOUs") between Snap and the U.S. Department of Homeland Security ("DHS"). I understand that Snap seeks to maintain under seal the specific dollar amount of in-app advertising credits granted to DHS, as well as telephone numbers, email addresses, and scanned wet-ink signatures of certain Snap and DHS personnel that appear in the

documents. Aside from this specific information, which will be redacted, I understand that Snap intends to file the remainder of the MOUs publicly.

8. The information Snap seeks to redact in the MOUs is highly sensitive. The precise amount of advertising credits granted to DHS could be used by Snap's competitors to harm Snap's competitive position. Snap could also be harmed in future negotiations, both with DHS, and with other advertising customers or potential advertising customers, if the precise amounts of its agreed-upon advertising credits with DHS were publicly known.

9. Snap also seeks to protect the identifying information of the Snap and DHS points of contact listed on the MOUs, as well as the scanned wet-ink signatures of the Snap and DHS signatories to the MOUs. I believe that the privacy of those persons would be violated if their contact information and signatures were disclosed in a public filing.

10. I attest that the information described in this document is the least amount necessary to be filed under seal, and it is the least restrictive option for protecting the legitimate confidentiality and privacy interests described herein.

I declare under penalty of perjury that the foregoing Declaration of Alec Goldberg in Support of Motion to Seal is true and correct.

Executed on December 29, 2025.

_____