IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE OF KANSAS,** *ex rel.* **KRIS W. KOBACH, Attorney General,** | )<br>)<br>) |
| Plaintiff(s), | )<br>) CASE NO.  5:25-CV-04109-DDC-GEB<br>) |
| v. | )<br>) |
| **SNAP INC.,** | )<br>) |
| Defendant(s). | ) |

## MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AND STAY BRIEFING ON MOTION TO REMAND

Plaintiff State of Kansas, *ex rel.* Kris W. Kobach, Attorney General of the State of Kansas, (the "Attorney General") moves under Federal Rule of Civil Procedure 26(d)(1) to authorize limited jurisdictional discovery. Specifically, the Attorney General seeks to serve written requests for documents and other information on Snap Inc. ("Snap") and to depose a Snap employee whose declaration Snap attached to its response to the Attorney General's motion to remand. The Attorney General also respectfully requests that this Court use its inherent authority over its docket to stay further briefing on the Attorney General's remand motion until that discovery is complete.

## ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) permits this Court to authorize discovery before the Rule 26(f) conference. That rule gives this Court "broad discretion to alter the timing . . . of discovery" for "good cause." *Biomin Am., Inc. v. Lesaffre Yeast Corp.*, No. 20-2109-HLT, 2020 WL 1659858, at *1 (D. Kan. Apr. 3, 2020). Expedited discovery under Rule 26(d)(1) is "commonly related to jurisdictional issues." *Id.* Jurisdictional discovery is appropriate when

1

"pertinent facts bearing on the question of jurisdiction are controverted . . . or . . . a more satisfactory showing of the facts is necessary." *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016) (citation and quotation marks omitted). And relatedly, a district court may stay remand proceedings to permit jurisdictional discovery. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

This Court should authorize limited jurisdictional discovery before the Rule 26(f) conference. Snap relies on five federal advertising campaigns to support its invocation of the federal-officer-removal statute. Although Snap has provided terms that govern its relationship with the federal government for some of those advertising campaigns, it has not provided the terms that govern its relationship with the federal government for the Department of Homeland Security's Blue Campaign. Snap did not act under a federal officer for purposes of the federal-officer-removal statute unless the relationship between Snap and that officer was one of "subjection, guidance, or control." *Doe v. Integris Health, Inc.*, 123 F.4th 1189, 1193 (10th Cir. 2024) (citation and internal quotation marks omitted). That kind of special relationship is akin to an agency relationship between a federal officer and private person. *See DeFiore v. SOC LLC*, 85 F.4th 546, 554 (9th Cir. 2023). The terms of Snap's relationship with the federal government for the other campaigns belie that kind of relationship. Mot. to Remand at 6–8, Dkt. No. 11 (Dec. 2, 2025). But because Snap has not provided the terms of its relationship with the federal government for the Blue Campaign, the Attorney General cannot adequately test Snap's invocation of federal jurisdiction without discovery about the nature of that relationship. Good cause thus exists to permit the Attorney General to seek information about Snap's relationship with the federal government for purposes of the Blue Campaign.

Similarly, the declaration of Snap's Global Head of Platform Safety Jacqueline Beauchere, which discusses the Blue Campaign, describes interactions between Snap and the federal government related to the advertising campaigns more generally. *E.g.*, Decl. of Jacqueline F. Beauchere ¶¶ 17, 24, Dkt. No. 27 (Dec. 23, 2025). As the party opposing removal, the Attorney General does not have within his possession the facts necessary to test whether Snap's relationship with the federal government was one of "subjection, guidance, or control." *Integris Health*, 123 F.4th at 1193 (citation and internal quotation marks omitted). Accordingly, a "more satisfactory showing of the facts" than a mere declaration from a Snap employee "is necessary" to ascertain the true nature and scope of Snap's relationship with the federal government. *Dutcher*, 840 F.3d at 1195 (citation and quotation marks omitted). Good cause thus exists to permit the Attorney General to depose Ms. Beauchere and to request Snap's written communications with federal officials about all five of the advertising campaigns.

This Court should also stay briefing on the Attorney General's motion to remand until this discovery is complete. The Attorney General's reply in support of that motion is currently due on January 6, 2026. Staying the deadline for that reply until the completion of limited jurisdictional discovery will serve this Court's decisional process as it will be able to rule on the Attorney General's motion with more complete information. Nor will a stay prejudice Snap as the defendant in this action.

The Attorney General attempted to confer with Snap regarding this motion but has not yet received Snap's position, so Snap's position on this motion is unknown.

## CONCLUSION

This Court should grant the Attorney General's motion to conduct limited jurisdictional discovery and to stay briefing on the motion to remand until that discovery is complete.

Dated: January 5, 2026

David H. Thompson*
Brian W. Barnes*
Megan M. Wold*
Jack Tucker*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
mwold@cooperkirk.com
jtucker@cooperkirk.com

*Admitted *pro hac vice*

Respectfully submitted,

/s/ *Paul Shipp*
Paul Shipp (KS #20263)
Assistant Attorney General
Office of the Attorney General
Public Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
paul.shipp@ag.ks.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Kansas by using the District Court's CM/ECF system on January 5, 2026. Participants in the case are registered CM/ECF users, and service will be accomplished by the District Court's CM/ECF system.

Dated: January 5, 2026                                    /s/ *Paul Shipp*
                                                                   Paul Shipp
                                                                   *Attorney for Plaintiff*