LATHROP GPM LLP
Brian C. Fries (KS #15889)
Carrie E. Josserand (KS #18893)
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108-2618
Tel: (816) 292-2000
brian.fries@lathropgpm.com
carrie.josserand@lathropgpm.com

GRAVES GARRETT GREIM LLP
Edward D. Greim (KS #21077)
Paul E. Brothers (KS #26863)
Matthew R. Mueller (KS #28499)
Katherine E. Mitra (KS #79151)
1100 Main Street, Suite 2700
Kansas City, MO 64105
Tel: (816) 256-3181
edgreim@gravesgarrett.com
pbrothers@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com

DUNN ISAACSON RHEE LLP
Jeannie S. Rhee (*admitted pro hac vice*)
L. Rush Atkinson (*admitted pro hac vice*)
Kyle Smith (*admitted pro hac vice*)
Elizabeth N. Brandt (*admitted pro hac vice*)
401 Ninth Street, NW
Washington, D.C. 20004-2637
Tel: (202) 240-2900
jrhee@dirllp.com
ratkinson@dirllp.com
ksmith@dirllp.com
ebrandt@dirllp.com

Christine M. Ray (*admitted pro hac vice*)
11 Park Place
New York, NY 10007
Tel: (212) 470-1306
cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>    Plaintiff,<br><br>    v.<br><br>SNAP INC.,<br><br>    Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**DEFENDANT SNAP INC.'S POSITION STATEMENT REGARDING PLAINTIFF'S
MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY AND STAY BRIEFING
<u>ON MOTION TO REMAND</u>**

Pursuant to the Court's Order (Dkt. No. 32), Defendant Snap Inc. ("Snap") submits the following position statement[1] regarding Plaintiff's now-denied Motion to Authorize Jurisdictional Discovery and Stay Briefing on Motion to Remand (Dkt. No. 30) (the "Motion"). Plaintiff's request for additional Snap documents and testimony to support its remand motion—a request made *after* it filed its motion and Snap filed its response—is entirely unwarranted, and Plaintiff has come nowhere close to satisfying its burden or offering a tailored justification. Indeed, Plaintiff has refused to disclose what information it wishes to explore via deposition or why that information cannot be obtained through less burdensome means.

This Court would be well within its rights to affirm its denial of Plaintiff's request in its entirety and direct the parties to finish briefing the remand issue. But in order to expedite this issue, Snap is willing to identify and provide documents of interest (detailed below) to Plaintiff that should address the general issues raised in its Motion. However, if Snap makes those documents available to Plaintiff before Plaintiff drafts its remand reply, Snap respectfully requests that it be permitted to respond to Plaintiff's remand reply brief with a sur-reply.

## BACKGROUND

On January 2, 2026, Plaintiff alerted Snap that it intended to file a motion for jurisdictional discovery and to stay its deadline of January 6, 2026, for its remand reply brief. Before Snap could respond with its position, Plaintiff filed the Motion. It broadly seeks permission to take discovery in the form of "information about Snap's relationship with the federal government for purposes of the Blue Campaign," including the "terms that govern" that relationship, Mot. at 2, as well as "Snap's written communications with federal officials about all five of the advertising campaigns" referenced in Snap's notice of removal, *id.* at 3. The Motion also seeks permission to depose Snap's

---

[1] In filing this position statement, Snap does not waive any right, defense, affirmative defense, or objection, including any challenges to venue and/or the exercise of personal jurisdiction.

Global Head of Platform Safety, Jacqueline Beauchere, who provided a declaration submitted as part of Snap's opposition to the remand motion (Dkt. No. 27). *Id.* Plaintiff offered no details about what issues it would explore through that deposition.

The parties conferred on January 7, 2026. Plaintiff clarified it was interested in documents reflecting the relevant federal agencies' decisions concerning advertisement placement and execution and data concerning advertisement performance for the five federal initiatives at issue, but it declined to provide Snap specific document requests. Plaintiff also refused to provide any details about the subject matters or issues that it wishes to explore through a deposition and expressed unwillingness to limit the scope of any deposition. Snap inquired into whether Plaintiff would consider documents or other information to avoid a deposition. Plaintiff rejected Snap's offer.

Following this Court's Order, Snap again contacted Plaintiff to see if the parties could reach agreement on the scope of discovery. Snap offered to provide requested information about Snap's relationship with the Department of Homeland Security ("DHS") regarding DHS's Blue Campaign. Snap also offered to produce certain written communications between Snap and federal agencies (including federal contractors working on the campaigns), as well as additional documents pertaining to issues raised by Plaintiff. Snap has not yet received Plaintiff's position on this proposal.

**LEGAL STANDARD**

"The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—is on the party seeking the discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (quoting *Breakthrough Mgmt. Grp. Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010))

(cleaned up). To meet this burden, the party "must make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." *Kormendi/Gardner Partners v. Surplus Acquisition Venture, LLC*, 606 F. Supp. 2d 114, 120 (D.D.C. 2009) (internal quotation marks and citation omitted). Jurisdictional discovery should be denied where plaintiffs seek "broad discovery requests" that are "not tailored to address the limited question of [] jurisdiction" and where plaintiffs fail to specify what they are seeking in discovery. *Grynberg*, 490 F. App'x at 104 (internal quotation marks and citations omitted). "[V]ague contentions" about what jurisdictional discovery will reveal "don't justify jurisdictional discovery." *Geico Gen. Ins. Co. v. M.O.*, 2021 WL 4892918, at *11 (D. Kan. Oct. 20, 2021) (Crabtree, J.).

## ARGUMENT

**I.     Plaintiff's Broad Discovery Requests Lack Justification or Tailoring**

Plaintiff's denied Motion utterly fails to offer the justification or tailoring necessary to warrant jurisdictional discovery. *First*, Plaintiff's arguments are "vague contentions" about the need for additional information, which are especially perplexing since Plaintiff was able to file its opening remand motion without raising said discovery. This failure of explanation is even more stark due to the fact that Plaintiff does not cite to Snap's opposition to the motion for remand at all in its request for jurisdictional discovery; in other words, Plaintiff offers no explanation about what discovery is needed, and no explanation about which of Snap's arguments that discovery is needed to contest. The Motion contains nothing but vague generalities.

*Second*, Plaintiff has not explained why the Snap materials already in its possession, and upon which it relied in its remand motion, are inadequate at this stage. Plaintiff has materials that include the Snap contract terms with the federal agencies, as well as other documents that reflect Snap's relationships with the agencies. *See* Dkt. Nos. 11-1, 11-2, 11-3, 11-4. Those documents

3

were sufficient for Plaintiff's contingency counsel to brief a motion to remand in another state, *see* Dkt. No. 11-5 (order denying Florida AG's remand motion in action against Snap), and Plaintiff has not explained why the circumstances in this case are different.

*Third*, Plaintiff has failed to provide a "detailed showing of what discovery it wishes to conduct," such as the kinds of documents it wishes to obtain or what topics it wishes to cover in the proposed deposition. The Motion contains no such details, and Plaintiff refused multiple invitations to provide those details after Snap initiated a meet and confer.

For all these reasons, Plaintiff has wholly failed to make a showing that jurisdictional discovery is necessary or appropriate in this case.

## II.    Snap Will Produce Communications and Other Documents

While Plaintiff is not entitled to jurisdictional discovery, Snap is willing to provide information and/or documents concerning three buckets of discovery. *First*, Snap represented to Plaintiff that its relationship with DHS for purposes of the agency's Blue Campaign advertisements is governed by Snap's Business Services Terms, which DHS binds itself to when it places orders on Snap's advertising platform. Copies of these terms are already in the record. *See* Dkt. Nos. 11-2 (Ex. B to Plaintiff's remand motion); 28-9 (Ex. H to Decl. of A. Goldberg).

*Second*, Snap agrees to conduct a reasonable and proportionate search for and produce emails between Snap and the federal agencies (or their contractors) related to the five federal initiatives highlighted in Snap's notice of removal—namely DHS's Know2Protect, Pledge2Protect, and Blue Campaign initiatives and the U.S. Food and Drug Administration's The Real Cost and Next Legends initiatives.

*Third*, Snap agrees to produce certain additional documents targeted at issues raised by Plaintiff. These include documents showing how the agencies (or their contractors) relayed to Snap

their decisions about the placement of their advertisements through an online portal, and reflecting certain placement decisions for each of the five initiatives referenced above. They also include data relating to statements made in the declarations Snap filed with its remand opposition regarding the reach of certain advertising campaigns among teen users.

### III.     A Deposition Is Not Appropriate or Necessary

While Plaintiff has failed to show that any discovery is appropriate, it particularly falls far short of its burden in establishing legal entitlement to a deposition as a part of jurisdictional discovery. Plaintiff relies on vague justifications in making its conclusory argument that it should be permitted to depose Snap's Global Head of Platform Safety.[2] Plaintiff only argues that "a more satisfactory showing of the facts than a mere declaration from a Snap employee is necessary to ascertain the true nature and scope of Snap's relationship with the federal government." Mot. at 3 (cleaned up). That statement could be used by any party to seek a deposition of any declarant, not the particularized showing required here. Plaintiff does not even identify a specific statement or topic area in Ms. Beauchere's declaration that it claims is necessary to explore via deposition. And when Snap attempted to understand what additional discovery Plaintiff might find helpful in lieu of a costly and burdensome deposition, Plaintiff refused to engage. The Court should not allow such aimless discovery, particularly at this early stage where Snap is willing to produce documents on top of the two declarations and fourteen exhibits it submitted with its remand opposition.[3]

---

[2] Plaintiff uses the same, vague reasoning to justify its requests for documents and fails to articulate any theory for why both types of discovery are warranted or what specifically it hopes to gain from a deposition that cannot be obtained through the documents Snap has already agreed to provide.

[3] At a minimum, Plaintiff should receive Snap's forthcoming production and then be required to identify what gaps, if any, remain necessary to fill for purposes of jurisdictional discovery. At that time, Plaintiff could make an application to the Court explaining why they cannot be filled through less burdensome means than a deposition. *Cf. Wolfe v. Ford Motor Co.*, 2008 WL 294547, at *2 (D. Kan. Feb. 1, 2008). If the Court ultimately determines that a deposition is warranted, that deposition should be narrowly limited in time and scope. *See, e.g.*, *Proud Veterans, LLC v. Ben-Menashe*, 2012 WL 6681888, at *1 (D. Kan. Dec. 21, 2012).

Respectfully Submitted,

DATED: January 20, 2026

By: */s/ Edward D. Greim*
Edward D. Greim, No. 21077
Graves Garrett Greim LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Tel: 816-256-3181
Fax: 816-256-5958
edgreim@gravesgarrett.com
*An Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026 a copy of the foregoing document was served via the Court's electronic filing system, and by Electronic Mail, on all counsel of record.

*/s/ Edward D. Greim*
*An Attorney for Defendant*