# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, ex rel. KRIS W. KOBACH, Attorney General,

        Plaintiff,

   v.

SNAP INC.,

        Defendant.

Case No. 5:25-cv-04109-DDC-GEB

### <u>STIPULATED PROTECTIVE ORDER</u>

The State of Kansas (the "State") and Defendant Snap Inc. ("Snap" or "Defendant") (each a "Party," and collectively, the "Parties"), acknowledge that certain documents and information may be sought, produced, or exhibited by and between the parties and non-parties in this proceeding (the "Proceeding") and that some of these documents may relate to sensitive information which the Party or non-party making the production deems confidential in accordance with the rules and standards of the Court. The Parties agree that these documents and this information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of identified categories is necessary because discovery in this Proceeding is likely to involve production of confidential, trade secret, proprietary, commercially or competitively sensitive, and other non-public information, as well as information subject to privacy or data-protection obligations, for which protection from public disclosure and from use outside this Proceeding is warranted. This

Proceeding concerns allegations regarding Snap's policies and business practices, and the features of its platform, Snapchat. Discovery may therefore include confidential internal documents and communications, non-public policies and procedures, confidential business and commercial information, information relating to agreements or relationships with third parties, and other sensitive information not publicly disclosed. Snap has a legitimate interest in maintaining the confidentiality of such materials. Disclosure of this information could cause competitive, commercial, or other harm to Snap or third parties, impair business relationships or negotiations, and risk misuse of sensitive information.

Therefore, it has been agreed by the Parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this stipulated protective order (the "Protective Order" or "Order"). Based on the Parties' submissions, for good cause shown under Fed. R. Civ. P. 26(c), it is hereby ORDERED that:

1. **Scope**

This Order shall govern all documents and electronically stored information ("ESI"), the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party, including any non-party, in this Proceeding to any other Party, including any non-party, when the same is designated with the procedures set forth herein. This Order is binding upon the Parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order. This Order is also binding on and applies to

all non-parties who either produce or receive documents or information in connection with this Proceeding.[1]

1.1    "Designating Party" shall mean a Party or non-party that designates disclosure or discovery material, as defined below, that it produces in disclosures or in responses to discovery as Protected Material.

1.2    "Party" (as noted above) shall mean the parties to this Proceeding, including all of its officers, directors, employees (including in-house counsel), consultants, retained experts, and outside counsel (and their support staff).

1.3    "Producing Party" shall mean a Party or non-party that produces disclosure or discovery material, as defined below, in this Proceeding.

1.4    "Protected Material" shall mean and include any disclosure or discovery material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This shall include any document (whether in hard copy or electronically stored information), deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by or on behalf of a Designating Party (or any of their attorneys or other agents) (collectively, "Disclosure or Discovery Material"), which is believed in good faith by the Designating Party, and/or the Designating Party's counsel to contain any of the following:

---

[1] Nothing in this Protective Order, including execution of or compliance with this Order or with Exhibit A, shall be deemed a waiver of, or otherwise prejudice, any party's or non-party's rights, defenses, affirmative defenses, or objections, including but not limited to any challenges to venue and/or the exercise of personal jurisdiction.

(a)     non-public material which contains or discloses information relating to, referencing, or pertaining to confidential, proprietary, or commercially or competitively sensitive information;

(b)     personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, or information received in confidence from third parties;

(c)     material that is confidential pursuant to applicable law, including trade secrets, and any other materials that the Designating Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); or

(d)     material that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies regarding the physical or mental health or condition of such individual, the provision of health care to such individual, or the payment for the provision of health care to such individual, and shall also include without limitation "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").

1.5     "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6     Nothing herein shall impose any restriction on the use or disclosure by a Party of its own documents or information.

1.7     The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties that might reveal Protected Material.

1.8    The protections conferred by this Protective Order, however, do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order or another court's order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by separate agreement or order.

2.    **Designation of Confidentiality**

2.1    Confidential. A Designating Party may designate as "CONFIDENTIAL" any Protected Material that would qualify for protection under Federal Rule of Civil Procedure 26(c).

2.2    Highly Confidential. A Designating Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Protected Material that it reasonably and in good faith believes is of such a sensitive nature that disclosure to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3    Manner of Designation. Except as otherwise provided in this Protective Order (see, e.g., Section 2.4(c) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

2.4    Designation in conformity with this Protective Order requires:

(a)     <u>For Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b)     Notwithstanding the foregoing, a Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so.

(c)    <u>For testimony given in deposition</u>, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing on or before the later of thirty days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30.  If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. The foregoing provision is expressly subject to the restrictions set forth in Section 4.4 below.

(d)    <u>For Protected Material produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

2.5    <u>Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order and shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly.

2.6    <u>Filing of Protected Material</u>. If either Party desires to file anything with the Court that previously has been designated as Protected Material, that Party must move to file the Protected Material under seal, unless the Designating Party provides written consent in advance that filing the Protected Material under seal is unnecessary. Only those portions of such documents and materials containing or reflecting Protected Material shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purposes of this Order. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Protected Material contained or reflected in the document was so designated solely by that Party.

**3.    <u>Use of Protected Material</u>**

3.1    A Receiving Party may use Protected Material in connection with this Proceeding only for prosecuting, defending, or attempting to settle this Proceeding, including in state court if the Court remands this Proceeding. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. In no event shall such information be used for any purpose or proceeding other than as stated in this paragraph.

4.    **Pre-Trial Disclosure of Protected Material**

4.1    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When this Proceeding has been terminated, a Receiving Party must comply with the provisions of Section 14 below ("Final Disposition").

4.2    Disclosure of Protected Material Designated "CONFIDENTIAL." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's counsel (including in-house counsel), as well as their support staff;

(b)    Insurance representatives to whom disclosure is reasonably necessary for this Proceeding and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Receiving Party, or the officers, directors, and employees of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for this Proceeding;

(d)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). An "Expert" is defined as a person who has been retained by a Party to serve as an expert witness or as an undisclosed consultant in this Proceeding, as well as his or her employees and support staff. If an Expert is a current or former employee of a Competitor,[2] the procedures in Paragraph 4.5 shall also apply to disclosure to such Expert under this Paragraph;

---

[2] For purposes of this Protective Order, Competitor refers to any company that provides social media services or any company that reasonably may be considered to be in or as having plans to enter into this area, or any of their current officers, directors, employees, contractors, or agents. This definition is only for purposes of determining whether a person is eligible to obtain access to

(e)     the Court and its personnel, and any appellate court or other court (and their personnel) before which the parties appear in this Proceeding;

(f)     court reporters, transcribers, videographers, and their staff;

(g)     professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and professional vendors to whom disclosure is reasonably necessary for this Proceeding and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions, or during preparations for the same, witnesses in the Proceeding to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(i)     any mediator who is assigned to this Proceeding, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j)     the author or recipient of a document containing the Protected Material; and

(k)     any custodian or other person who otherwise possessed or knew the information contained in the Protected Material;

4.3     <u>Disclosure of Protected Material Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>." Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

---

Protected Material, and the parties agree that this definition has no evidentiary value and will not be used by the parties or the Court for any substantive purposes in this case.

(a)    the Receiving Party's counsel (including in-house counsel), as well as their support staff;

(b)    Experts (as defined in this Order) retained by the Receiving Party (1) to whom disclosure is reasonably necessary for this Proceeding, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 4.5, below, have been followed;

(c)    the Court and its personnel, and any appellate court or other court (and their personnel) before which the parties appear in this Proceeding ;

(d)    court reporters, transcribers, videographers, and their staff;

(e)    professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and professional vendors to whom disclosure is reasonably necessary for this Proceeding and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    any mediator who is assigned to this Proceeding, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the Protected Material;

(h)    during their depositions, or during preparations for the same, current and former employees of the Designating Party and their attorneys to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the current or former employee witness is the author or a recipient of the document containing the Protected Material, or the Designating Party confirms that the witness actually contemporaneously reviewed the document or had direct, contemporaneous involvement in or first-hand knowledge of the specific information reflected in the document and that no copy any

document marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be left with the witness or included in the witness's copy of the transcript. Where a former employee is currently employed by a Competitor of the Designating Party, the Designating Party may move for a protective order requiring heightened protection at least ten (10) business days prior to the deposition, or may object during the course of the deposition to the disclosure of any particular document marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by explaining the basis for its legitimate concerns of competitive harm. If objecting during the course of the deposition, the objecting party may request a telephonic ruling from the Court. If the Court is not available, the Parties will not show the objected-to document to the witness, and will leave the deposition open. It will be the objecting party's obligation to seek a ruling from the Court within three (3) days of the deposition;

(i)    any custodian or other person who otherwise possessed or knew the information contained in the Protected Material.

4.4    <u>Use of Protected Material in Depositions</u>. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, any person, other than the deponent and deponent's counsel, who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

4.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to an Expert who is a current or former employee, agent, consultant, or contractor of the Designating Party or a Competitor, must first make a written disclosure to the Designating Party. The disclosure shall include (1) the full name of the Expert and the city and state of the Expert's primary residence, (2) either the name of the Expert's current employer, the Expert's current Curriculum Vitae, or a link to the Expert's website, and (3) each Competitor from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years and the party to the litigation for whom such work was done.

(b)    With regard to the information sought through part (3) of such an Expert disclosure, if the Expert believes any of this information is subject to a confidentiality obligation and/or nondisclosure agreement to a non-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, including at a minimum disclosing the existence of the confidentiality agreement and/or nondisclosure agreement, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(c)    A Party that makes a disclosure and provides the information specified under the preceding paragraph(s) may disclose the subject Protected Material to the identified

Expert unless, within ten (10) days of delivering the request, the Party receives a written objection from the other Party. Any such objection must set forth in detail the grounds on which it is based.

(d)     A Party that receives a timely written objection pursuant to the preceding paragraph must meet and confer with the opposing Party (through direct voice-to-voice dialogue) and attempt to resolve the matter by agreement. If no agreement is reached, the Designating Party may file and serve a motion for a protective order that would preclude the Expert from receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under District of Kansas Rule 7.1 (and in compliance with District of Kansas Rule 37.1, if applicable) within fourteen (14) days of the written objection. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph (and District of Kansas Rule 37.2, if applicable). The Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards imposed by this Order) outweighs the opposing Party's need to disclose the Protected Material to its Expert.

(e)     Any opposition to a motion for a protective order filed pursuant to the preceding paragraph will be filed within seven (7) days of the motion. A reply, if any, will be due within five (5) days of the opposition.

**5.     Use of Protected Material at Hearing or Trial**

5.1     The use of any Protected Material for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

**6.     Challenges to Designations**

6.1     Timing of Challenges. Any Party or non-party may make a good faith challenge to a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Proceeding, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any documents or other materials that have been designated as Protected Material under the Protective Order shall be treated as such unless and until such time as the Court rules otherwise.

6.2     <u>Meet and Confer</u>. In the event a Party objects to the designation of any material under this Order, the challenging Party shall consult with the Designating Party to attempt to resolve their differences. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**7.     <u>Judicial Intervention.</u>**

7.1     If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain the confidentiality designation under District of Kansas

Rule 7.1 (and in compliance with District of Kansas Rule 37.1, if applicable) within 21 days of the initial notice or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is later.

**8.     Unauthorized Disclosure of Protected Material.**

8.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

(a)     notify in writing the Designating Party of the unauthorized disclosure(s);

(b)     use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

(d)     request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.2     Nothing in these provisions limits or prohibits a Party or non-party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Protective Order.

**9.     Inadvertent or Unintentional Disclosure of Protected Material**

9.1     Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information does not, alone, waive the confidential status of such information. Such inadvertent or unintentional disclosure may be rectified by notifying the Receiving Party in writing within a reasonable time after disclosure that the materials should have been designated as Protected Material and providing replacement materials with the appropriate

designation (and, if feasible, using the same Bates number as the original production). Thereafter, the Receiving Party must immediately delete, sequester, or return to the Producing Party the original "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and all copies of the same and make no use of such Protected Material. A Receiving Party's prior disclosure of newly designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not violate this Order.

**10.  Clawback Procedure for Inadvertent or Mistaken Disclosure of Privileged Information**

10.1    Under this Order, the production or disclosure of any Protected Material subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity ("Privileged Information") does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Material as to the Receiving Party or any third parties in this Proceeding or in any other state or federal proceeding.  Under no circumstances shall Federal Rule of Evidence 502(b) apply to any disputes regarding Protected Material, and the Producing Party is not required to satisfy the elements of Rule 502(b) to assert the attorney-client privilege or work product protection over produced or disclosed Protected Material. Nothing contained herein requires the production or disclosure of Protected Material, and no Party is required to undertake a "quick peek" process, as contemplated under Fed. R. Civ. P. 26(b)(5)(B), advisory committee's note to 2006 amendment, subdiv. f.  The parties shall not argue, in this forum or any other, that any privilege or protection was waived solely as a result of production or disclosure of Protected Material in this Proceeding, regardless of the procedures used to identify Protected Material prior to production or disclosure. For avoidance of doubt, the Parties intend for the same scope of protections to apply here as would apply under Federal Rule of Evidence 502(d).

10.2    If a Party or non-party discovers that it has produced Privileged Information, (whether by notice from the Receiving Party, or otherwise), the Producing Party shall request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the Receiving Party within thirty (30) calendar days of discovering the production or disclosure of Privileged Information. For purposes of this protocol, "discovering" shall mean that the Producing Party has "actual notice" that Privileged Information was produced; production of Privileged Information alone is insufficient to constitute actual notice.

10.3    Within ten (10) calendar days of receipt of a Clawback Letter (regardless of whether the Receiving Party agrees or plans to challenge the Producing Party's claim of privilege or protection), the Receiving Party shall promptly return or destroy all Discovery Material containing Privileged Information identified in the Clawback Letter, and all reproductions, notes, copies or summaries thereof. The Receiving Party shall follow these procedures regardless of whether the material is comprised fully or partially of Privileged Information.

10.4    In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Producing Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Producing Party in writing that the Receiving Party possesses potentially Privileged Information.

10.5    If the Producing Party has notified the Receiving Party of its production of Privileged Information, or has confirmed the production called to its attention by the Receiving Party, the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Privileged Information, unless the parties agree, or the Court otherwise orders the Receiving Party; the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Privileged Information that such information is subject to this Protective Order

and may not be copied, distributed, or otherwise used; and the Receiving Party and all persons who have received the Privileged Information as a result of disclosure to the Receiving Party shall, within fourteen (14) calendar days: (a) destroy or delete all copies or versions of the produced document and/or electronically stored information that contained Privileged Information; (b) ensure that produced Privileged Information is not disclosed in any manner to any Party or non-party; and (c) certify to the Producing Party that it has done so.

10.6    If a Receiving Party challenges a claim that Protected Material specified in a Clawback Letter is Privileged Information, the Receiving Party shall notify the Producing Party of its challenge within fourteen (14) calendar days of receiving the Clawback Letter. The Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for determination. The Producing Party shall submit one copy of the Protected Material identified in the Clawback Letter as Privileged Information to the Court in camera upon the Court's request. Nothing in this Order alters any Party's burden of proof with respect to any dispute over whether Protected Material is privileged.

10.7    The Receiving Party must not use or disclose documents or information identified in the Clawback Letter for any purposes until the Court makes a determination with respect to any dispute over whether the Protected Material is privileged, or the Producing Party agrees to withdraw its assertion of privilege.

10.8    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**11.**    **Protected Material Subpoenaed or Ordered Produced**

11.1    If a Party or other person or entity authorized to receive Protected Material under Section 4 is served with a subpoena or court order in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify the Designating Party in writing, including a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other matter that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

11.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena or order does not in any way waive the protections this Protective Order provides against disclosure in any other matter, including this Proceeding.

11.3    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f). Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

**12.    Non-Party's Protected Material Sought to Be Produced in This Proceeding**

12.1    The terms of this Protective Order are applicable to Protected Material produced by a non-party in this Proceeding. Such Protected Material produced by non-parties in connection with this Proceeding is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

12.2    In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)    promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the non-party.

12.3    If the non-party fails to object or seek a protective order from this Court within 14 days after receiving the notice and accompanying information, then the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any of the non-party's information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

13.    **Preservation of Rights and Privileges**

13.1    Entering into, agreeing to, and/or producing or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

(a)    Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Material;

(b)    Prejudice in any way the rights of any Party to object to the use, authenticity, or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

(c)    Prejudice in any way the rights of any Party to seek determination by the Court whether any Discovery Material or Protective Material should be subject to the terms of this Protective Order; or

(d)    Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Protected Material.

14.    **Final Disposition**

14.1    <u>Duration</u>: Even after final disposition of this Proceeding, the confidentiality obligations imposed by this Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Proceeding, with or without prejudice; or (2) final judgment of the Proceeding after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable. The Court shall retain

jurisdiction to enforce or modify this Protective Order and to make further orders with respect to the use or confidentiality designations of Protected Material.

14.2    Within 60 days after the final disposition of this Proceeding, as defined above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and provide written confirmation of destruction.

14.3    Notwithstanding the foregoing, any Receiving Party that is an insurance company with a potential coverage obligation with respect to this Proceeding, or a Defendant that is pursuing insurance coverage for this Proceeding, shall be permitted to retain copies of Protected Material subject to all requirements of this Protective Order and solely to the extent such retention is necessary to comply with applicable law and its regulatory and contractual obligations or to pursue insurance coverage from its insurer; and such insurance company and Defendant shall return or destroy such Protected Material within 60 days of the end of the above-stated reasons or obligations to retain the Protected Material.

14.4    As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must promptly thereafter submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, a Party's counsel (including in-house counsel) are entitled to retain an archival copy of all pleadings; motion papers; trial; deposition, and hearing transcripts; legal memoranda; correspondence;

deposition and trial exhibits; expert reports; a Party's own client records; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 14.1 ("Duration").

**15.** **Miscellaneous**

15.1    Right to Further Relief. Nothing in this Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

15.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

15.3    Prosecution Bar. Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material is first received by the individual and ends two (2) years after final disposition of this Proceeding has expired, as defined by Section 14.1.

15.4 <u>Privilege Logs</u>. The Parties' agreement regarding the requirements, timing, format, and content of privilege logs will be memorialized in a separate agreement.

15.5 <u>Source Code</u>. This Protective Order is not intended to, and does not, govern the confidential treatment of source code.

15.6 <u>Export Control</u>. Except to the extent permitted by law, no Protected Material designated "EXPORT CONTROL PROTECTED MATERIAL" may leave the territorial boundaries of the United States of America, be viewed outside the territorial limits of the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). At the time of production, a Disclosing Party will identify to the Receiving Party the Export Control Classification Numbers of the technical data contained in the Disclosing Party's "EXPORT CONTROL PROTECTED MATERIAL" productions to the best of its knowledge, and the Receiving Party must ensure that it complies with all applicable export control regulations.

15.7 The State may disclose Protected Material to other state, local or federal law enforcement agencies, as necessary in order to prevent ongoing criminal conduct, including, but not limited to, potential child abuse, sexual abuse or exploitation, provided that those agencies agree in writing to be bound the by the terms of this Order and either (i) the Producing Party agrees to such disclosure or (ii) the Court approves such disclosure; and other persons mutually agreed upon among the Parties, provided that they have signed a copy of Exhibit A.

15.8 <u>Violations.</u> If any party violates the limitations on the use of Protected Material, the party violating this Order may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Order,

the prevailing party on such motions shall be awarded costs, expenses, and fees, including attorneys' or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation if the Court deems an award of such costs, expenses, and fees to be appropriate and reasonable.

IT IS SO ORDERED.

Dated _____ at Wichita, Kansas.

_____
Hon. Gwynne E. Birzer
U.S. Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS, ex rel. KRIS W. KOBACH, Attorney General,<br><br>        Plaintiff,<br><br>   v.<br><br>SNAP INC.,<br><br>        Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], being duly sworn, state that:

1.    My address is _____

[print or type full address].

2.    I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

3.    I will hold in confidence and not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

4.    I will limit use of Protected Material disclosed to me solely for purposes of this Proceeding.

5.    No later than a reasonable time after I receive notice of the final conclusion of the case, I will return all Protected Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, or I will destroy all such items.

6.    I further agree to submit to the jurisdiction of the District of Kansas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Proceeding.

7.    I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____    Date: _____

Print Name: _____