### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>      Plaintiff,<br><br>      v.<br><br>SNAP INC.,<br><br>      Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

#### UNOPPOSED MOTION TO FILE UPDATED REDACTIONS
#### TO PLAINTIFF'S PETITION

Defendant Snap Inc. ("Snap"), pursuant to D. Kan. Rule 5.4.2, respectfully seeks leave to permit an updated version of Plaintiff's Petition into the record. The proposed filing, with updated redactions ("Proposed Updated Redacted Petition"), is attached as Exhibit 1 to this motion. Snap makes this request to provide public access to some of the information previously redacted by Plaintiff and to maintain other redactions pursuant to D. Kan. Rule 5.4.2. In support of this motion, Snap states as follows:

1. Plaintiff, the State of Kansas, initiated this action in Washington County, Kansas on September 23, 2025. Plaintiff initially filed in the state court a Motion to File Portions of the Petition Under Seal (the "State Court Motion"). [Doc. 12-1]. The District Court granted Plaintiff's Motion [Doc 12-1 at 50-52] and a redacted copy of the Petition ("the Original Redacted Petition") was filed in the public record. [Doc. 1-1].

2. On November 12, 2025, Snap removed the case to the District of Kansas. [Doc. 1]. Attached to Snap's Notice of Removal is a copy of the Original Redacted Petition with the redactions, as filed in state court. [Doc. 1-1].

82065809v1

-2-

3. The stated purpose of Plaintiff's State Court Motion was to protect certain confidential and proprietary information and records produced in other matters involving either litigation or governmental matters pursuant to Confidentiality Agreements in those actions. [Doc 12-1 at 2].

4. Snap agrees that the information redacted in the Original Redacted Petition is confidential and proprietary. However, Snap has determined that some of the information redacted in the Original Redacted Petition has been made public and/or may not be eligible for sealing under this Court's Local Rules and Tenth Circuit standards.

5. To comply with the provisions of Local Rule 5.4.2 and Tenth Circuit standards addressing sealed or redacted information, to protect Snap's confidential and proprietary information, and to provide the Court with access to Plaintiff's complete allegations, Snap requests that the Proposed Updated Redacted Petition be filed in this case.

6. The right of public access to judicial records is not absolute and the court has discretion to seal documents "where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation omitted).

7. Snap requests that the Court permit the Proposed Updated Redacted Petition to be filed to maintain the confidentiality of certain information contained in 12 paragraphs[1] of Plaintiff's 173 paragraph Petition. *See* D. Kan. R. 5.4.2(c)(1). Specifically,

    a. Paragraph 52 of the Petition was originally redacted by Plaintiff and makes reference to Snap's internal enforcement policies.

---

[1] The proposed redactions are found in paragraphs 52, 53, 58, 65, 77, 84, 98, 99, 107, 113, 114, and 128.

      b.     The remaining eleven paragraphs were originally redacted by Plaintiff and contain references to and quotations from certain internal Snap documents. Snap has determined that many of these references and quotations have now been made publicly available and that the redactions can be removed from these portions of the paragraphs. Snap requests that the redactions in these paragraphs of the Bates numbers associated with the referenced and quoted Snap documents remain.

      8.     The internal enforcement policies referenced in Paragraph 52 of the Petition constitute confidential, non-public, safety, and moderation materials that are closely guarded by Snap as a matter of policy and practice. Ex. 2, Decl. of Bonnie Broeren ("Broeren Decl.") ¶ 3. The specific policy cited in Paragraph 52 forms part of Snap's broader internal enforcement framework that is not disclosed to the public. *Id.*

      9.     The policy cited in Paragraph 52 of the Petition reveals Snap's operational enforcement logic and internal risk-balancing judgments. Broeren Decl. ¶ 3. Disclosure of this internal policy, without the surrounding framework, could lead to confusion or misinterpretation regarding Snap's policies and practices. *Id.* ¶ 4.

      10.    Snap also has a legitimate interest in maintaining the confidentiality of its internal enforcement policies to avoid undermining the effectiveness of its safety systems. *Id.* ¶ 4. Public disclosure of non-public enforcement details may make it easier for some users to anticipate how content is reviewed or to attempt to avoid enforcement, which could diminish the utility of those policies over time. *Id.* ¶ 4.

      11.    The risk of malicious actors attempting to evade Snap's safety systems is real. *Id.* ¶ 5. Snap regularly disables accounts of malicious actors for violations of Snap's policies and observes that malicious actors often evolve their techniques to evade detection and enforcement.

-4-

*Id.* ¶ 5. For that reason, Snap generally limits public disclosures to high-level policy statements and does not publish internal enforcement instructions. *Id.* ¶ 5.

12. Regarding the remaining confidential information, the referenced Bates numbers could reveal the existence of certain proceedings that are not publicly known, and which are subject to confidentiality agreements. Snap has a legitimate concern in maintaining the confidentiality of the Bates references. Revealing this redacted information could reveal the existence and nature of these proceedings, potentially causing irreparable harm to Snap's reputation, placing it at a competitive disadvantage. Redacting the Bates references will prevent access of this information to third parties, including Snap's competitors and its potential and prospective customers.

13. Snap suggests that filing the Proposed Updated Redacted Petition protects Snap's confidential information in a manner that is the least intrusive to the public interest. *See* D. Kan. Rule 5.4.2(c)(4). As Plaintiff set forth in its State Court Motion, the allegations in the Original Redacted Petition are substantially the same as the unredacted Petition. [Doc 12-1 at 3]. Snap's Proposed Updated Redacted Petition provides even greater public access than the Original Redacted Petition. Snap's Proposed Updated Redacted Petition contains sufficient information to ensure the public's interest "in understanding disputes presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest." *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Lexos Media IP, LLC v. Overstock.com, Inc.*, No. 22-2324-JAR, 2025 WL 1918571, at *1 (D. Kan. July 11, 2025) (quoting *Crystal Grower's*).

14. Counsel for the State of Kansas consents to the filing of the Proposed Updated Redacted Petition.

WHEREFORE, Defendant Snap respectfully requests that this Court enter an Order directing that a copy of Proposed Updated Redacted Petition (Exhibit 1) be filed into the record.

-5-

DATED: February 26, 2026                    Respectfully Submitted,


By: /s/ *Brian C. Fries*
    Brian C. Fries (KS #15889)
    Carrie E. Josserand (KS #18893)
    Timothy J. Hadachek (KSD #79038)
    LATHROP GPM LLP
    2345 Grand Boulevard, Suite 2200
    Kansas City, MO 64108-2618
    Tel: (816) 292-2000
    brian.fries@lathropgpm.com
    carrie.josserand@lathropgpm.com
    timothy.hadacheck@lathropgpm.com

    Edward D. Greim (KS #21077)
    Paul E. Brothers (KS #26863)
    Matthew R. Mueller (KS #28499)
    Katherine E. Mitra (KS #79151)
    GRAVES GARRETT GREIM LLP
    1100 Main Street, Suite 2700
    Kansas City, Mo 64105
    Tel: (816) 256-3181
    edgreim@gravesgarrett.com
    pbrothers@gravesgarrett.com
    mmueller@gravesgarrett.com
    kmitra@gravesgarrett.com

    Jeannie S. Rhee (*admitted pro hac vice*)
    L. Rush Atkinson (*admitted pro hac vice*)
    Kyle Smith (*admitted pro hac vice*)
    Elizabeth N. Brandt (*admitted pro hac vice*)
    DUNN ISAACSON RHEE LLP
    401 Ninth Street, NW
    Washington, D.C. 20004-2637
    Tel: (202) 240-2900
    jrhee@dirllp.com
    ratkinson@dirllp.com
    ksmith@dirllp.com
    ebrandt@dirllp.com

    Christine M. Ray (*admitted pro hac vice*)
    DUNN ISAACSON RHEE LLP
    11 Park Place
    New York, NY 10007
    Tel: (212) 470-1306
    cray@dirllp.com

    *Attorneys for Defendant Snap Inc.*

-6-

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 26, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

             /s/ *Brian C. Fries*
             Brian C. Fries
             An Attorney for Defendant

82065809v1