## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,

      Plaintiff,

      v.

SNAP INC.,

      Defendant.

Case No. 5:25-cv-04109-DDC-GEB

## MOTION TO FILE PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND EXHIBITS WITH REDACTIONS
## AND TO FILE EXHIBIT 7 UNDER SEAL

Defendant Snap Inc. ("Snap"), pursuant to D. Kan. Rule 5.4.2, respectfully moves that Plaintiff's Reply in Support of Motion to Remand [Doc. 45] as well as Exhibits 1 through 6 and 8 through 18 to the Reply [Docs. 45-1 through 45-6 and 45-8 through 45-18] be filed *with redactions* in the public record. Snap also moves that Exhibit 7 to the Reply [Doc. 45-7], be filed under seal. In support of this motion, Snap states as follows:

1. Plaintiff, the State of Kansas, initiated this action in Washington County, Kansas on September 23, 2025. On November 12, 2025, Snap removed the case to the District of Kansas. [Doc. 1].

2. Plaintiff filed a Motion to Remand on December 2, 2025 ("Motion"). [Doc. 11].

3. Snap filed its Opposition to the Motion on December 23, 2025. [Doc. 23].

4. Plaintiff filed its Reply in Support of the Motion on April 10, 2026 ("Reply"). [Doc. 45]. Pursuant to D. Kan. Rule 5.4.2, the Reply and its Exhibits were filed provisionally under seal. *See* Notice of Provisional Filing Under Seal [Doc. 46].

5.      Snap is requesting that Plaintiff's Reply and seventeen (17) of the exhibits thereto be filed with redactions and that one (1) of the exhibits to the Reply remain under seal in its entirety.

6.      "The right of public access to judicial records . . . is not absolute, as every court has supervisory power over its own records and files, which gives it the authority to seal documents." *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks omitted).  "[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Further, "the public's interest in access to judicial records is lessened when the contents are not 'used to determine [the] litigants' substantive legal rights.'" *Id.* (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012)).

7.      An issue central to the pending Motion is Snap's partnership with federal agencies, including the Department of Homeland Security ("DHS") and the U.S. Food and Drug Administration ("FDA"). These agencies have collaborated with Snap to deliver information through certain advertising campaigns, including by utilizing Snap's platform to educate American teens with public safety and health information. *See* [Doc. 23].

8.      These campaigns were the subject of the jurisdictional discovery Plaintiff sought, and Snap produced numerous documents and communications regarding Snap's collaboration with DHS and the FDA. *See* [Doc. 30 (Motion for Jurisdictional Discovery) and Doc. 34 (Stipulation to Jurisdictional Discovery)].

9.      As Snap has explained in its prior filings, while the existence of these campaigns is public, Snap is under a duty to keep certain information pertaining to these campaigns, such as the

82586950v1

contents of campaign documents, confidential. *See, e.g.*, [Doc. 29 ¶ 7; Doc. 29-1 ¶ 5]. In addition, and as detailed below, many of the documents that Snap has produced contain information that is highly proprietary to Snap, including information regarding contract and pricing negotiations, and marketing and strategy.

10.    Snap has maintained the confidentiality of this information and has taken steps in this litigation to protect the confidentiality of the information contained in these documents.

11.    Plaintiff's Reply brief quotes, describes, and discusses materials that Snap has produced in this litigation under the "Confidential" and "Highly Confidential – Attorney's Eyes Only" categories set forth in the Court's Protective Order [Doc. 40]. Snap proposes that references to the confidential information contained in these exhibits, as described below, be redacted from the public record.

12.    The exhibits to the Reply consist of emails and attachments thereto exchanged between Snap, its partners, the federal agencies, and marketing agencies working on behalf of the federal agencies. These documents stem from Snap's negotiation with the federal agencies and the planning and execution of the federal agency campaign advertisements. These exhibits contain information that is confidential and proprietary to Snap, as well as confidential information belonging to the agencies. Specifically,

      a.    Exhibit 1 [Doc. 45-1] is an email communication between Snap personnel and officials at DHS in which Snap and DHS are negotiating the terms of potential collaboration between Snap and DHS. Snap produced this document with the "Confidential" designation under the Court's Protective Order. Snap proposes that the information containing Snap's marketing strategies as it pertained to the provision of ad coupons for DHS's use be redacted.

-3-

b.       Exhibits 2, 3, and 8 [Docs. 45-2, 45-3, and 45-8] are email exchanges including communications between Snap, Snap's business partners, DHS officials, and/or DHS's marketing agency concerning the development of a Know2Protect campaign. Snap designated the documents marked as Exhibit 2 and Exhibit 3 as "Confidential" and the document marked as Exhibit 8 as "Highly Confidential – Attorneys' Eyes Only" under the Court's Protective Order. Snap proposes that information regarding Snap and DHS's planning and development of the campaign, the marketing strategies utilized, and information about donated advertisement credits be redacted.

c.       Exhibits 4, 11 and 13 [Docs. 45-4, 45-11, and 45-13] are email discussions between Snap, DHS, and DHS's media agency which reveal internal and government processes and information, including concerning the development of campaign concepts and the financial aspects of the DHS campaign such as pricing, budgeting, and advertising credits. Snap has designated these documents as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order and proposes that Snap's marketing, pricing, budgeting information and information concerning the planning and development of the campaign be redacted.

d.       Exhibits 5 and 6 [Docs. 45-5 and 45-6] reflect an email exchange between Snap and DHS officials which reveals Snap's internal and government processes, and the development of marketing research relating to DHS's Know2Protect campaign. Exhibit 7 [Doc. 45-7] is a draft questionnaire developed by Snap and DHS in furtherance of this marketing research, which reflects edits and comments of DHS officials. Snap designated these documents as "Confidential" under the Court's Protective Order and proposes that Exhibits 5 and 6 be filed with the information concerning development of the marketing research be redacted and that Exhibit 7 be filed under seal.

-4-

e.     Exhibits 9, 10, and 14 [Doc. 45-14] are email exchanges between Snap, Snap's vendors, and/or the FDA's media agency discussing marketing strategies, product development, technical capabilities, and related processes for FDA campaigns, as well as sensitive budgetary information. Snap designated these documents as "Confidential" pursuant to the Protective Order and proposes that the information concerning market strategies, product development, technical capabilities, and budgeting be redacted.

f.     Exhibits 15, 16, and 17 [Docs. 45-15, 45-16, and 45-17] are email exchanges between Snap and DHS's marketing agency, discussing engagement and marketing strategies for DHS advertisements. Exhibits 15, 16, and 17 were produced with the "Confidential" and "Highly Confidential – Attorneys' Eyes Only" designations, respectively. Snap proposes that the information concerning engagement and marketing strategies be redacted.

g.     Exhibit 18 [Doc. 45-18] is a presentation prepared for DHS that includes proprietary information about Snap's marketing strategies. Snap produced this document with the "Highly Confidential – Attorneys' Eyes Only" designation.  Snap proposes that the information concerning its marketing strategies be redacted.

13.     The above-listed exhibits reveal information regarding the contents of Snap's campaigns with the DHS and the FDA.  Snap is of the belief that the agencies have kept certain information relating to these campaign advertisements confidential, including the agencies' marketing and media strategies. *See, e.g.*, [Doc. 29-1 (Decl. of A. Goldberg) ¶ 6]; *see also* [Doc. 25-1, 25-2, 25-3 (FDA campaign briefs)]. Snap also believes the agencies would incur harm if the non-public information contained in these exhibits was to be made publicly available. *See* [Doc. 29-1 ¶ 6]; *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 7396915, at *2 (D. Kan. Dec. 17, 2020) (information regarding strategic planning and

marketing strategies is confidential and protectable). Further, Snap's public disclosure of these documents and the information within them could result in reputational harm that would threaten Snap's future engagements and partnerships with federal and state government agencies, which are a meaningful part of Snap's large customer sales organization. [Doc. 29-1 ¶ 6].

14.    The exhibits also reveal Snap's confidential strategic planning for development and marketing of the agencies' campaign advertisements. Disclosure of this information could risk competitive harm by revealing sensitive aspects of Snap's ad campaign development processes. This information is also confidential and protectable. *See In re EpiPen,* 2020 WL 7396915, at *2.

15.    Among the confidential and proprietary information in the exhibits relating to the campaign advertisements are references to the amount of advertising credits to be offered to DHS as part of Snap's collaboration. The amount of the advertising credits that Snap has granted, and its negotiation of these credits, is highly sensitive and not publicly available information. *See* [Doc. 29-1 ¶ 8]. The Tenth Circuit has permitted "sealing of documents reflecting a party's finances and business practices." *Parker v. United Airlines, Inc.*, 49 F.4th 1331, 1343 (10th Cir. 2022). And the District of Kansas has granted motions to seal "confidential business information or non-public financial information, including information about contract negotiations, pricing, profits, and sales strategy." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 7396915, at *9 (D. Kan. Dec. 17, 2020); *see also AH Aero Serv., LLC v. Heber City*, 2020 WL 6135819, at *5 (D. Utah Oct. 19, 2020) ("Confidential financial information is often sealed where its disclosure could cause competitive harm.") (collecting cases); *Melnick v. Tamko Bldg. Prods. LLC*, 2023 WL 5574188, at *2 (D. Kan. Aug. 29, 2023) (Competing interests that may outweigh the public's right of access "may include trade secrets to be protected from disclosure and confidential business information that may harm a business's competitive standing.").

-6-

82586950v1

16.     The exhibits also contain references to the budgets negotiated between Snap and its advertising partners, which is highly sensitive and not publicly available information. *See United States ex rel Schroeder v. Hutchinson Reg'l. Med. Center*, 777 F. Supp.3d 1256, 1288 (D. Kan. 2025); *see also In re EpiPen*, 2020 WL 7396915, at *2 (confidential information about contract and pricing negotiations is protectable).

17.     For the reasons described above, the information contained in the exhibits is confidential and proprietary to Snap. Snap would be placed at a competitive disadvantage should the information be made publicly available.

18.     Exhibits 1 through 6 and 8 through 17 [Doc. 45-1 through 45-6 and 45-8 through 45-17] are email communications. With respect to these emails, Snap also seeks to redact names, email addresses, and other personally identifying information ("PII") of Snap employees—as well as of other non-parties to this case, including federal government employees and their contractors—that are reflected in the exhibits to the Reply.[1]

19.     The Tenth Circuit has held that sealing records is appropriate where documents contain private information of third parties.  *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (granting motion to seal appendix where "[n]early every document in the volume at issue includes the name of, and/or personal and private medical information" of individuals who were not parties to the action).  Further, confidential information of non-party employees may constitute a significant privacy interest, "particularly when the revelation of such information could cause economic or emotional harm or embarrassment." *Bullard v. Goodyear Tire & Rubber Co.*, 2011 WL 5248085, at *3 (quoting *Dahdal v. Thorn*

---

[1] These PII redactions are the sole redactions that Snap proposes maintaining for Exhibit 12 [Doc. 45-12], which is an email exchange between Snap, DHS, and DHS's marketing agency that does not otherwise reveal sensitive or confidential information.

*Americas, Inc.*, 1997 WL 599614, at *1 (D. Kan. Sep. 15, 1997) (internal quotation marks omitted)).

20.    Publicly disclosing the names, email addresses, and other PII of Snap employees raises particular risks given the contentious social issues alleged in this action.  As explained in the declaration by Snap's outside legal counsel L. Rush Atkinson, submitted in support of this motion, individuals identified in connection with lawsuits similarly alleging that Snap's platform is addictive and leads to mental health harms in children have been exposed to significant safety risks, including a heightened risk of harassment, online threats, and suspicious calls, messages, or emails.  *See* Atkinson Decl. ¶¶ 2–4.  Under these circumstances, public disclosure of employees' names and information could expose these non-parties to "emotional harm."

21.    Similarly, the names, phone numbers, and email addresses of federal agency officials and other third-party government partners and non-government Snap partners are generally not widely disseminated, and the individuals' privacy would be infringed upon if their contact information was filed in the public record. *See, e.g.*, [Doc. 29-1 ¶ 9].

22.    The interest in protecting the contact information of these individuals, which is not relevant to the merits and will not be used to determine the litigants' substantive rights, outweighs the presumption of public access. *See Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1242 (10th Cir. 2012) (describing the importance of access to information that informs the court's decision making process); *see also Kincaid v. Unified Sch. Dist. No. 500 Kansas City, Kansas,* 2022 WL 2046193, at *1 (D. Kan. June 7, 2022) (ordering that contact information of non-parties appearing in documents subject to a motion to seal, including phone numbers and e-mail addresses, be redacted).

23.    The privacy interests of these non-party employees and individuals in their PII outweighs the minimal public interest in access to this information.  Because this information is

-8-

"only incidental" to the substantive legal issues being adjudicated, sealing is justified. *See Uhlig LLC v. CoreLogic, Inc.*, 2024 WL 1703557 (D. Kan. April 19, 2024) (sealing customer information in summary judgment exhibits where the "information [was] potentially [] sensitive and [had] little relevance to the summary judgment issues"). In the FOIA context, the Tenth Circuit has held that, where the public interest in the information is "virtually nonexistent" or "negligible," even a "very slight privacy interest . . . suffice[s] to outweigh the relevant public interest." *Forest Guardians v. U.S. Fed. Emergency Mgmt. Agency*, 410 F.3d 1214, 1218 (10th Cir. 2005) (citing *U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 497, 500 (1994)); *see also FLRA v. U.S. Dep't of Def.*, 984 F.2d 370, 375 (10th Cir. 1993) ("[E]ven a 'minimal' privacy interest . . . outweighs a nonexistent public interest."). That is particularly true when, as here, Plaintiff does not allege that any of the authors or recipients of the referenced emails were executive decision-makers central to the allegations. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records").

24.     Additionally, the presumption in favor of public access to these exhibits is reduced because the information within will not "provide[] the basis for a court's decision on the merits of the litigation." *Est. of Glaves v. Mapleton Andover LLC*, 2023 WL 5379540 (D. Kan. Aug. 22, 2023); *see also Deherrera*, 820 F.3d at 1162 n.8 ("[T]he public's interest in access to judicial records is lessened when the contents are not used to determine [the] litigants' substantive legal rights.") (internal quotation marks omitted)). Issues of remand and removal affect the forum where the dispute is to be involved, but do not implicate the substantive legal rights of the parties. *See Taylor v. St. Louis Sw. Ry. Co.*, 128 F.R.D. 118, 120 (D. Kan 1989) ("Changes in the procedural

82586950v1

statutes regulating removal and remand affect only the forum where the dispute is to be resolved, and not the substantive rights of the parties.").

25.    For these reasons, Snap proposes that Plaintiff's Reply and Exhibits 1 through 6 and 8 through 18 be filed as redacted to remove references to sensitive, confidential, and proprietary information, and Exhibit 7 remain under seal.

26.    This proposal is narrowly tailored to protect Snap's confidential information while allowing public access to the substance of Plaintiff's arguments. The redacted Reply will assist the public "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest." *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Lexos Media IP, LLC v. Overstock.com, Inc.*, 2025 WL 1918571, at \*1 (D. Kan. July 11, 2025) (quoting *Crystal Grower's*). The level of disclosure in the redacted Reply will be sufficient to satisfy the minimal public interest in confidential information that is incidental to the resolution of this jurisdictional dispute. *See AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 n.1 (10th Cir. 2008) (granting a motion to seal briefing and an appendix containing jurisdictional discovery materials during appellate review of motion to dismiss for lack of personal jurisdiction).

27.    Plaintiff has provisionally filed its Reply and the exhibits under seal. [Doc. 46]. Plaintiff has stated that it does not take a position as to whether this information is confidential.

WHEREFORE, Defendant Snap respectfully requests that this Court enter an Order directing that the Reply [Doc. 45] and Exhibits 1 through 6 and 8 through 18 [Docs. 45-1 through 45-6 and 45-8 through 45-18] be filed in the public record with Snap's proposed redactions and that Exhibit 7 [Doc. 45-7] be filed under seal.

82586950v1

DATED: April 22, 2026                          Respectfully submitted,

By: /s/ *Brian C. Fries*
     Brian C. Fries (KS #15889)
     Carrie E. Josserand (KS #18893)
     Timothy J. Hadachek (KSD #79038)
     LATHROP GPM LLP
     2345 Grand Boulevard, Suite 2200
     Kansas City, MO 64108-2618
     Tel: (816) 292-2000
     brian.fries@lathropgpm.com
     carrie.josserand@lathropgpm.com
     timothy.hadachek@lathropgpm.com

     Edward D. Greim (KS #21077)
     Paul E. Brothers (KS #26863)
     Matthew R. Mueller (KS #28499)
     Katherine E. Mitra (KS #79151)
     GRAVES GARRETT GREIM LLP
     1100 Main Street, Suite 2700
     Kansas City, Mo64105
     Tel: (816) 256-3181
     edgreim@gravesgarrett.com
     pbrothers@gravesgarrett.com
     mmueller@gravesgarrett.com
     kmitra@gravesgarrett.com

     Jeannie S. Rhee (*admitted pro hac vice*)
     L. Rush Atkinson (*admitted pro hac vice*)
     Kyle Smith (*admitted pro hac vice*)
     Elizabeth N. Brandt (*admitted pro hac vice*)
     DUNN ISAACSON RHEE LLP
     401 Ninth Street, NW
     Washington, D.C. 20004-2637
     Tel: (202) 240-2900
     jrhee@dirllp.com
     ratkinson@dirllp.com
     ksmith@dirllp.com
     ebrandt@dirllp.com

     Christine M. Ray (*admitted pro hac vice*)
     DUNN ISAACSON RHEE LLP
     11 Park Place
     New York, NY 10007
     Tel: (212) 470-1306
     cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

-11-

-12-

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Brian C. Fries*

Brian C. Fries
An Attorney for Defendant Snap Inc.

82586950v1