# Exhibit A

# MEMORANDUM OF UNDERSTANDING BETWEEN THE DEPARTMENT OF HOMELAND SECURITY U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, HOMELAND SECURITY INVESTIGATIONS, CYBER CRIMES CENTER, CHILD EXPLOITATION INVESTIGATIONS UNIT AND SNAP INC.

1. **PARTIES:**
   The Parties to this Memorandum of Understanding (MOU) are U.S. Immigration and Customs Enforcement, Homeland Security Investigations (ICE HSI), Cyber Crimes Center, Child Exploitation Investigations Unit (C3-CEIU) and Snap Inc. (each a "Party" and collectively, "the Parties").

2. **AUTHORITIES:**
   The authority for ICE HSI, C3-CEIU and Snap, Inc. to enter into this Agreement is:
   a. 6 U.S.C. § 473

3. **BACKGROUND:**
   Within the Department of Homeland Security (DHS), the ICE HSI, C3-CEIU coordinates child exploitation initiatives, to include a focus on child exploitation prevention. In furtherance of its child exploitation prevention responsibilities, the ICE HSI, C3-CEIU carries out the "Know2Protect" campaign, an online Child Sexual Exploitation and Abuse (CSEA) awareness program that aims to raise awareness about growing and emerging online CSEA threats, helps to protect children from online predators, and combats the global online CSEA epidemic.

4. **PURPOSE:**
   The purpose of this MOU is to establish a framework of cooperation between ICE HSI, C3-CEIU and Snap Inc. to coordinate their respective CSEA efforts.

5. **RESPONSIBILITIES:**
   a. **The Parties** agree to:
      i. Per b.i.1. below, jointly review and consider findings from any Snapchat community research into awareness and educational levels concerning

online sexual risks and discuss any potential joint public release of those results.

b. Snap Inc. agrees to:

   i. Support and promote the campaign and its assets by serving as a "foundational collaborator," from the technology sector, which will include the following:
      1. Exploring the prospect of designing, conducting, and making available research findings about Snapchatters' awareness of, and familiarity with, a variety of sexual-related online risks
         a. This research may be repeated at to-be-agreed-upon subsequent intervals to help track progress;
      2. Exploring the creation of campaign-themed lens available only on Snapchat
      3. Providing advertising credit on the Snapchat app for the first six (6) months of the campaign in the amount of [redacted] ("Business Services Credits"). Any Business Services Credits not used will expire on the earlier of expiry of 5 months after the campaign starts, or 9/20/2024. ICE HSI, C3-CEIU, and DHS OPA may only use Business Services Credits to purchase advertising opportunities on Snapchat that are eligible for purchase using Business Services Credits via the Business Services (i.e., not via Insertion Order). Business Services Credits are non-transferable and may not be used in conjunction with any other discount, rebate, or benefit offered by Snap or its affiliates unless otherwise expressly authorized by Snap. ICE HSI, C3-CEIU, and DHS OPA may only participate in one Snap incentive program at a time.
         a. Upon evaluation, this credit may be extended in similar [redacted] increments for the duration of the campaign as agreed by the Parties up to a maximum of [redacted];
   ii. Coordinate with ICE HSI, C3-CEIU, and DHS OPA on press releases and/or public statements concerning Know2Protect or characterizing this MOU.
   iii. Disclose its partnership with the Know2Protect Campaign when distributing materials or information about the Know2Protect Campaign through press releases, social media, or any other form of written or oral communication.

**6. TERMS AND CONDITIONS:**

a. **Amendment and Modification -** The Parties may propose amendments or modifications to this MOU as needed. The proposed amendments or modifications shall be in writing and forwarded to the other Party for consideration. Amendments or modifications to this MOU shall become effective by mutual written consent of the signatories of this agreement or their successors.

b. **Review -** The Parties agree that this MOU will be reviewed periodically to evaluate its effectiveness and make any necessary changes or updates.

c. **Effective Date, Period of Agreement, and Termination -** This MOU is effective upon the signature of all Parties. This MOU will terminate December 31, 2024, unless extended by mutual agreement of all Parties. This MOU may be terminated by either Party with 30 days written notice to the other Party or earlier by mutual agreement of all Parties. This MOU may be immediately terminated by either Party upon a determination that Snap Inc. has violated the terms of the MOU.

**7. ADMINISTRATIVE PROVISIONS:**

a. **No Effect on Authorities** - Nothing in this MOU is intended to or will be construed to limit or affect in any way the authority or legal responsibilities of DHS or ICE HSI, C3-CEIU. Nothing in this MOU is intended to or will be construed to bind DHS or ICE HSI, C3-CEIU to perform beyond its authorities.

b. **Separate Agreements**: Specific activities, if any, that involve the transfer or use of money, services, or property, to include trademarks and intellectual property, between or among the Parties will require execution of separate agreements or contracts.

c. **Applicable Law and Severability -** The terms of this MOU are not intended to alter, amend, or rescind any provisions of Federal or state law. The Parties shall comply with all applicable laws, rules, and regulations, whether now in force or hereafter enacted or promulgated. Any provision of this MOU that conflicts with Federal law shall be null and void and the remaining provisions shall remain intact. This MOU will be executed in full compliance with the Privacy Act of 1974, the Freedom of Information Act, and the Federal Records Act. Nothing in this MOU shall be construed to conflict with current federal law, regulations, or DHS directives. If a term of this MOU is inconsistent with such authority, that term shall be invalid to the extent of the inconsistency. The remainder of that term and all other terms of this MOU shall remain in effect.

d. **Disagreements -** Should disagreement arise in the interpretation of the provisions of this MOU, or amendments and modifications thereto, that cannot be resolved at the operating level, the area(s) of disagreement shall be stated in writing by each Party and presented to the other Party for consideration.

e. **<u>OIG Review</u> -** Under the Inspector General Act of 1978, as amended, a review of this MOU may be conducted at any time. The DHS Inspector General, or any of his or her duly authorized representatives, shall have access to any pertinent books, documents, papers, and records of the Parties to this MOU, whether written, printed, recorded, produced, or reproduced by any mechanical, magnetic, or other process or medium, in order to make audits, inspections, excerpts, transcripts, or other examinations as authorized by law.

f. **<u>Funding</u> -** This MOU neither contemplates nor results in the transfer of funds or creates a financial obligation between the Parties. No provision of this MOU shall be interpreted to require obligation or payment of funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law. Each Party shall bear its own costs, risks, and liabilities incurred by it arising out of its obligations and efforts under this MOU. One Party cannot commit any other Party to any cost, expense, or obligation.

g. **<u>Liability</u>** - DHS and ICE shall be liable for any damages incurred as a result of activities conducted under this MOU only to the extent provided under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 through 2680. Snap Inc. shall be liable for any damages incurred as a result of its activities conducted under this Agreement in accordance with applicable Federal and State laws.

h. **<u>No Private Right of Action</u>** - This MOU is strictly for internal management purposes for each of the parties. It shall not be construed to create any legal obligation on the part of either party. This MOU is between ICE HSI, C3-CEIU and Snap Inc. and does not confer or create any right, benefit, or trust responsibility, substantive or procedural, enforceable at law or equity, or by any third person or party (public or private) against the United States, its agencies, its officers, or any person.

i. **<u>No Endorsement</u>:** The Parties shall not take any actions, to include publicizing or circulating any materials (including advertisements, solicitations, brochures, press releases, speeches, pictures, movies, articles, manuscripts, or other publications) suggesting, expressly or implicitly, that either Party or its employees endorses any brands, goods, or services outside the scope of any express written agreement.

j. **<u>Anti-Lobbying</u>:** The Parties shall not take any actions, including publicizing or circulating any materials (including advertisements, solicitations, brochures, press releases, speeches, pictures, movies, articles, manuscripts, or other publications) suggesting, expressly or implicitly, that either Party or its employee supports or is engaged in any grassroots lobbying.

k. **<u>Agency</u>** - No agent or employee of any Party shall be deemed to be an agent or employee of any other Party.

l. **<u>Not Exclusive</u>** -This Agreement is not intended to be an exclusive arrangement. The relationship established in this Agreement in no way limits either Party from establishing similar relationships with any other entity.

m. **<u>No Assignment</u>** - This MOU may not be assigned or otherwise transferred by either Party.

**8. POINTS OF CONTACT (POC):**

ICE HSI, C3-CEIU:

Name: Kate Kennedy
Title: Campaign Director
Email: [redacted]
Phone: [redacted]

Snap Inc:

Name: Jennifer Stout
Title: VP Global Public Policy
Email: [redacted]
Phone: [redacted]

**9. APPROVED BY:**

For the United States Department of Homeland Security,
U.S. Immigration and Customs Enforcement:

[redacted]

NAME: Patrick McElwain Date
TITLE: Deputy Executive Associate Director

For the Snap Inc.:

[redacted] Feb 2, 2024

NAME: Date
TITLE: VP Global Public Policy

Snap Inc.
Legal
Approved