**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC.,<br><br>Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**REPLY IN SUPPORT OF DEFENDANT SNAP INC.'S MOTION TO STAY**
**EXECUTION OF REMAND ORDER PENDING APPEAL**

Plaintiff's opposition offers no reason for this Court to reconsider its conclusion that an automatic stay applies in federal officer removal cases under the settled principles in the Supreme Court's *Griggs* and *Coinbase* opinions. *See Kansas v. Pfizer, Inc.*, 2025 WL 1548507, at *3 (D. Kan. May 30, 2025). Plaintiff relies on the *Coinbase* dissent and significantly overstates the circuit-level precedent in its favor. Regardless, the traditional stay factors lead to the same result in this case involving an issue that has already split two federal district courts.

## I. Snap's Notice Of Appeal Imposed An Automatic Stay.

### A. *Griggs* And *Coinbase* Apply In Federal Officer Removal Cases

The Fourth and Eleventh Circuits have correctly recognized the straightforward logic behind the automatic stay in federal officer removal cases: "[W]hen the question on appeal is 'the whole ballgame'…the appeal divests the district court of 'control over more or less the whole case,' otherwise the appeal would be pointless." *City of Brunswick ex rel. Mayor and Bd. of Comm'rs v. Honeywell Int'l, Inc.*, 184 F.4th 1230, 1241 (11th Cir. 2026) (quoting *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025)), *pet. for cert.* No. 26-289 (Sept. 3, 2026). Plaintiff offers two arguments for refusing to extend *Griggs* and *Coinbase* to federal officer removal cases: an analogy to forum or venue-selection issues, and an appeal to "federalism." Neither provides any basis for this Court to depart from its approach in *Pfizer*.

*First*, federal officer removal is not analogous to venue provisions or a private "forum-selection clause." Opp. at 7. As Snap explained (at 4-5), federal officer removal exists "[t]o protect the Federal Government from state-court 'interference with its operations,'" *Chevron USA, Inc. v. Plaquemines Parish, La.*, 608 U.S. 1, 5 (2026), by potentially "hostile state courts," *Willingham v. Morgan*, 395 U.S. 402, 405 (1969). By contrast, venue and forum-selection rules exist for "the convenience of the parties and witnesses" and to promote judicial efficiency. 28 U.S.C. § 1391; 28 U.S.C. § 1404(a); *e.g.*, *Aerospace Turbine Rotables, Inc. v. 818 Aviation, Inc.*, 2022 WL

4465008, at *1 (D. Kan. Sept. 26, 2022) (relying on "[p]rinciples of comity and judicial efficiency" in the venue analysis). For this reason, federal officer removal is analogous to arbitration, where "the asserted benefits" may be "irretrievably lost" while an appeal is pending. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). As Snap explained (at 4-5), there are many ways state courts might irreparably interfere with federal operations while an appeal is pending. Plaintiff does not even acknowledge the point, much less offer a response.

There are also critical procedural differences between review of a forum-selection or venue ruling and review of a federal officer removal appeal. Most importantly, Congress has not authorized interlocutory review of ordinary forum and venue rulings—meaning a party may seek relief only on mandamus review. *See FDIC v. McGlamery*, 74 F.3d 218, 220, 222 (10th Cir. 1996) (dismissing appeal of transfer order under 28 U.S.C. § 1631 for lack of jurisdiction); *In re Media Matters for Am.*, --- F.4th ----, 2026 WL 2453373, at *3 (5th Cir. Aug. 21, 2026) ("[M]andamus is the only available option" for "'challenges to a judge's discretion in granting or denying transfers under [28 U.S.C.] § 1404(a).'" (citation omitted)). Under *Griggs*, however, it is the notice of appeal that triggers the automatic stay. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Nothing in *Griggs* or *Coinbase* suggests a similar rule applies when a party merely files a mandamus petition. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (holding there is no "automatic stay of district court proceedings while a petition for writ of mandamus is pending"). Nor are there any judicial efficiency gains in the removal context. Federal officer removal involves subject-matter jurisdiction, so (as Plaintiff does not dispute) anything the state court does while erroneously exercising jurisdiction would be "void *ab initio*" and the parties would return to square one in federal court. *City of Brunswick*, 184 F.4th at 1243.

*Second*, Plaintiff's generalized reference to "federalism" cannot overcome the text of the statute Congress enacted. Even though Congress has repeatedly acted to abrogate the *Griggs*

principle when it wants to, it chose not to do so for civil federal officer removal cases. As Snap pointed out (at 4), this stands in stark contrast to criminal cases, where Congress balanced the federalism interests differently. Once again, Plaintiff has no answer. Nor does Plaintiff offer any explanation for how federalism principles would be served when a district court is ultimately reversed. Notably, of the seven out-of-circuit appellate cases in Plaintiff's string cite (at 8-9), four ultimately reversed the district court—only underscoring the wisdom of Congress's choice to allow appellate review to play out *before* the state court resumes jurisdiction.

### B. Plaintiff Significantly Exaggerates The Support For Its Position.

Only three courts have addressed a *Griggs* stay in federal officer removal appeals in precedential opinions, and two of the three have agreed with this Court's analysis in *Pfizer*. By portraying its position as the "majority" view, Opp. at 8, Plaintiff significantly overplays its hand.

Two of the cited orders (at 8-9) involve cases where the proponent of the stay did not even raise *Coinbase* and instead assumed that the four-factor test applied. *See* Motion for Stay, Dkt. 43, *Lopez v. Cantex Health Care Ctrs. II, LLC*, No. 23-2038 (10th Cir. July 18, 2023); Opposition to Motion to Lift and Vacate Stay Order, Dkt. 42, *Plaquemines Parish v. Chevron USA Inc.*, No. 23-30291 (5th Cir. June 2, 2023). Those cases are not instructive because "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided." *In re C.W. Min. Co.*, 740 F.3d 548, 556 (10th Cir. 2014) (quoting *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004)).[1]

Many of the other cases that Plaintiff invokes also did not squarely present the issue before this Court. Plaintiff claims the support of the Sixth Circuit, but in fact cites only a district court decision which itself acknowledges that the Sixth Circuit has not taken a position on this issue.

[1] As this Court has noted, Dkt. 63 at 13 n.6, the Tenth Circuit may provide additional guidance in a case scheduled for argument on November 17, 2026. The Court may wish to hold this motion pending ruling in that case.

*See* Opp. at 8-9 (citing *Horton v. Gen. Elec. Co.*, 817 F. Supp. 3d 455, 460 (W.D. Ky. 2025), *aff'd*, -- F.4th --, 2026 WL 2654800 (6th Cir. Sept. 9, 2026) (affirming remand without addressing *Coinbase* or an automatic stay)). In the Seventh Circuit case Plaintiff invokes, the movants did not dispute that they had failed to raise the *Coinbase* issue in the district court. *See* Reply in Support of Appellants' Motion to Stay, Dkt. 71-1 at 4-5, *City of Chicago v. BP P.L.C.*, No. 25-1916 (7th Cir. July 21, 2025). The remaining orders all provided no reasoning on the *Coinbase* issue. *See* Order, *Gov't of P.R. v. Express Scripts, Inc.*, No. 23-1612 (1st Cir. Aug. 29, 2023); Order, Dkt. 72.1, *Cnty. of Westchester v. Express Scripts, Inc.*, No. 24-1639 (2d Cir. Sept. 6, 2024); Order, Dkt. 24, *Att'y Gen. of N.J. v. Dow Chem. Co.*, No. 24-1753 (3d Cir. July 24, 2024); Order, Doc. #2023887, *In re Clark*, No. 23-7073 (D.C. Cir. Oct. 26, 2023). Those orders are not even controlling within those circuits, and they can hold no persuasive value for this Court because they contain no reasoning at all. With the benefit of the Fourth and Eleventh Circuits' considered views, those courts may well come out differently when the issue is properly before them.

## II. Snap Satisfies The Traditional Stay Factors.

Plaintiff incorrectly argues that the Tenth Circuit's decision in *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276 (10th Cir. 2016), "casts serious doubt" on the "relaxed" likelihood-of-success standard for stays pending appeal. Opp. at 2-3. But, as Plaintiff acknowledges, *Diné Citizens* involved preliminary injunctions—not stays pending appeal. It therefore does not affect the Tenth Circuit's stay standard. *See FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850 (10th Cir. 2003).

Under any standard, however, Snap has shown a sufficient likelihood of success—as evidenced by the split between federal district courts on this matter. *See Off. of Att'y Gen. v. Snap Inc.*, 2025 WL 4035005 (N.D. Fla. Aug. 13, 2025). The Remand Order is inconsistent with Supreme Court precedent, *compare Chevron USA Inc. v. Plaquemines Parish*, 146 S. Ct. 1052,

1062 (2026) (the "relating to" requirement does not require a contract to "expressly direct" the conduct at issue) *with* Remand Order at 11-12 (requiring explicit, formal contractual mandates governing Snap's specific conduct), and the clear record showing that, contrary to Plaintiff's view (at 3-4), "the government's specifications required the complained-of conduct" because the government depends on the very Snap features that Plaintiff argues are addictive to spread its messages. Absent a stay, Snap will suffer the irreparable harm of potentially inconsistent rulings and the effective deprivation of a statutory appellate right. *See BP Am.*, 2022 WL 605822, at *3 (remanding case pending appeal "would defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag"). Likewise, the equities and public interest favor Snap because erroneous parallel proceedings would consume scarce judicial resources and undermine Congress's scheme. Mot. at 10.

**CONCLUSION**

For these reasons, this Court should stay execution of its Remand Order pending appeal. Alternatively, Snap respectfully requests that the Court refrain from sending the Remand Order to the state court pursuant to 28 U.S.C. § 1447(c), until the Tenth Circuit rules on a stay motion, which Snap will file with the Tenth Circuit (if necessary) within 14 days of this Court's order.

Respectfully Submitted

DATED: September 25, 2026

By: /s/ *Brian C. Fries*

Brian C. Fries (KS #15889)
Carrie E. Josserand (KS #18893)
Timothy J. Hadachek (KSD #79038)
LATHROP GPM LLP
2323 Grand Boulevard, Suite 800
Kansas City, MO 64108-2618
Tel: (816) 292-2000
brian.fries@lathropgpm.com
carrie.josserand@lathropgpm.com
timothy.hadachek@lathropgpm.com

Edward D. Greim (KS #21077)
Paul E. Brothers (KS #26863)
Matthew R. Mueller (KS #28499)
Katherine E. Mitra (KS #79151)
GRAVES GARRETT GREIM LLP
1100 Main Street, Suite 2700
Kansas City, MO 64105
Tel: (816) 256-3181
edgreim@gravesgarrett.com
pbrothers@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com

Jeannie S. Rhee (*admitted pro hac vice*)
L. Rush Atkinson (*admitted pro hac vice*)
Kyle Smith (*admitted pro hac vice*)
Elizabeth N. Brandt (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, D.C. 20004-2637
Tel: (202) 240-2900
jrhee@dirllp.com
ratkinson@dirllp.com
ksmith@dirllp.com
ebrandt@dirllp.com

Christine M. Ray (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 470-1306
cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, a copy of the foregoing document was served via the Court's electronic filing system, and by Electronic Mail, on all counsel of record.

/s/ *Brian C. Fries*
Brian C. Fries
An Attorney for Defendant