**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,** | ) | |
| **Plaintiff(s),** | ) | **CASE NO. 5:25-CV-04109-DDC-GEB** |
| **v.** | ) | |
| **SNAP INC.,** | ) | |
| **Defendant(s).** | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(f), Plaintiff provides this notice of supplemental authority. Throughout its briefing, Snap claimed that a district court decision in Florida upholding federal officer removal under nearly identical circumstances showed Snap was "sufficiently likely to succeed on appeal" here. Def.'s Mot. to Stay Execution of Remand, Doc. 72 at 7 (Sep. 10, 2026); *see also* Reply in Support of Mot. to Stay Execution of Remand, Doc. 77 at 4 (Sep. 25, 2026). But just yesterday, the Eleventh Circuit vacated, reversed, and remanded that district court order. Opinion, *Att'y Gen., State of Fla., Dep't of Legal Affs. v. Snap Inc.*, No. 25-12814 (11th Cir. Oct. 14, 2026), Doc. 64-1.

The court decided that Snap was not "acting under" a federal officer for two reasons. First, "Snap's relationships with DHS and the FDA represent little more than the relationship between an individual and her local coffee shop." *Id.* at 18. Therefore, Snap is not operating under the government's "subjection, guidance, or control." *Id.* (citation omitted). Second, while Snap's advertisements for DHS and the FDA "are customized in the sense that they include the messages

requested by the federal customers, they are not unique compared to advertisements Snap creates for other customers—there is nothing unusual about Snap's relationships with DHS and the FDA." *Id.* at 19 (emphasis omitted). So, the government had not "cede[d]" any "authority to Snap," nor did anything "in the agreements refer to a delegation of authority." *Id.* at 22. Without that delegation, Snap could not be acting under a federal officer.

While this Court correctly recognized that the Florida court's view was foreclosed by Tenth Circuit caselaw, Mem. & Order, Doc. 63 at 12–13 n.5 (Aug. 27, 2026); *see also* Opp'n to Snap Inc.'s Mot. to Stay, Doc. 76 at 4 (Sep. 18, 2026) ("State Opp'n"), the Eleventh Circuit has now agreed that Snap's theory is not viable there either. *Accord* State Opp'n at 3–4.

Dated: October 15, 2026

Respectfully submitted,

/s/ *Paul Shipp*
Paul Shipp (KS #20263)
Assistant Attorney General
Nathaniel J. Castillo (KS #28584)
First Assistant Attorney General
Office of the Attorney General
Public Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
paul.shipp@ag.ks.gov
nathaniel.castillo@ag.ks.gov

David H. Thompson*
Brian W. Barnes*
Megan M. Wold*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
mwold@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Kansas by using the appellate CM/ECF system on October 15, 2026. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

Dated: October 15, 2026

/s/ *Paul Shipp*
Attorney for Plaintiff