**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC.,<br><br>Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Eleventh Circuit's recent decision in *Attorney General, State of Florida, Department of Legal Affairs v. Snap Inc.*, 2026 WL 3073368 (11th Cir. Oct. 14, 2026), does not undermine the need for a stay pending appeal in this case.

Most importantly, the decision has no bearing on whether an automatic stay applies during Snap's appeal. A stay under *Coinbase* and *Griggs* is "automatic"; the likelihood of success is not a relevant factor. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Notably, the Eleventh Circuit has already held that automatic stays apply in federal officer removal cases, recognizing that the contrary rule would "undermin[e] appellate review." *City of Brunswick ex rel. Mayor & Bd. of Comm'rs v. Honeywell Int'l, Inc.*, 184 F.4th 1230, 1240 (11th Cir. 2026), *cert. denied*, No. 26-289 (U.S. Oct. 19, 2026).

Respectfully, the Eleventh Circuit's *Florida* decision is incorrect because it imposes multiple legal barriers to removal that have no basis in statutory text or precedent. Snap intends to seek further review of that decision. In particular, the court held that defendants must show "a degree of specialization that exceeds the individualized customer service available to any

customer." *Florida*, 2026 WL 3073368, at *6. But courts around the country have permitted removal where a defendant offers the same or similar services to non-governmental entities. *See, e.g.*, *Cnty. of Westchester v. Express Scripts, Inc.*, --- F.4th ----, 2026 WL 2589574, at *1-*2 (2d Cir. Sept. 2, 2026); *Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 256-57 (4th Cir. 2021). There is likewise no basis for the court's requirement that Snap show a sufficiently "formal delegation" of authority, *Florida*, 2026 WL 3073368, at *8, which echoes the contractual-direction test the Supreme Court just rejected in *Chevron USA Inc. v. Plaquemines Parish*, 608 U.S. 1 (2026).

The *Florida* proceedings, where the trial court found removal jurisdiction and the Eleventh Circuit disagreed in a 23-page opinion, reflect the virtue of a stay, as reasonable jurists may reach different conclusions about Snap's removal arguments.

DATED: October 19, 2026

Respectfully submitted,
By: /s/ Carrie E. Josserand

Timothy J. Hadachek (KSD #79038)
Brian C. Fries (KS #15889)
Carrie E. Josserand (KS #18893)
LATHROP GPM LLP
2323 Grand Boulevard, Suite 800
Kansas City, MO 64108-2637
Tel: (816) 292-2000
brian.fries@lathropgpm.com
carrie.josserand@lathropgpm.com

Edward D. Greim (KS #21077)
Paul E. Brothers (KS #26863)
Matthew R. Mueller (KS #28499)
Katherine E. Mitra (KS #79151)
GRAVES GARRETT GREIM LLP
1100 Main Street, Suite 2700
Kansas City, MO 64105
Tel: (816) 256-3181

edgreim@gravesgarrett.com
pbrothers@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com

Jeannie S. Rhee (*admitted pro hac vice*)
L. Rush Atkinson (*admitted pro hac vice*)
Kyle Smith (*admitted pro hac vice*)
Elizabeth N. Brandt (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, D.C. 20004-2637
Tel: (202) 240-2900
jrhee@dirllp.com
ratkinson@dirllp.com
ksmith@dirllp.com
ebrandt@dirllp.com

Christine M. Ray (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 470-1306
cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, a copy of the foregoing document was served via the Court's electronic filing system, and by Electronic Mail, on all counsel of record.

/s/ *Carrie E. Josserand*
Carrie E. Josserand
An Attorney for Defendant