**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>SNAP INC.,<br><br>Defendant. | Case No. 5:25-cv-04109-DDC-GEB |

**SNAP INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

This Court previously directed the parties to "address the burgeoning Circuit split about whether an appeal automatically stays execution of a remand order." Dkt. 63 at 13 n.6. In response, Snap explained that two courts of appeals, the Eleventh Circuit and the Fourth Circuit, have agreed with this Court that an automatic stay applies. *See* Dkt. 72 at 2-6. The Fifth Circuit recently issued a published opinion agreeing with the Eleventh and Fourth Circuits that a defendant "[i]s entitled to an automatic stay of the district court's remand order once its § 1447(d) notice of appeal was docketed." *Parish of Cameron v. Devon Energy Prod. Co.*, __ F.4th __, No. 26-30505, 2026 WL 3002118, at *1 (5th Cir. Oct. 5, 2026). As the court explained, "[t]he federal officer removal statute and binding precedent require as much." *Id.*

The Fifth Circuit recognized that, under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), an automatic stay "presumptively" applies to congressional "authorizations of interlocutory appeal[s]," and nothing in the federal officer removal statute displaces that presumption. *Devon Energy*, 2026 WL 3002118, at *6. The court also recognized that, "[a]s in *Coinbase*, not automatically staying the remand order could jeopardize [the defendant's] appeal and undermine Congress's decision to afford the § 1447(d)

right to appeal." *Id.* at *4. Indeed, "the right to removal is—eponymously—a right to be removed from the jurisdiction of state courts. Not staying the remand order, therefore," would cause the defendant to "lose the right that it seeks to retain" by appealing in the first instance. *Id.*

In sum, three courts of appeals have now issued precedential decisions that an automatic stay is warranted in procedural postures identical to this case. This Court should do the same.

DATED: October 20, 2026

Respectfully submitted,
By: <u>/s/ *Carrie E. Josserand*</u>

Brian C. Fries (KS #15889)
Carrie E. Josserand (KS #18893)
Timothy J. Hadachek (KSD #79038)
LATHROP GPM LLP
2323 Grand Boulevard, Suite 800
Kansas City, MO 64108-2637
Tel: (816) 292-2000
brian.fries@lathropgpm.com
carrie.josserand@lathropgpm.com
timothy.hadachek@lathropgpm.com

Edward D. Greim (KS #21077)
Paul E. Brothers (KS #26863)
Matthew R. Mueller (KS #28499)
Katherine E. Mitra (KS #79151)
GRAVES GARRETT GREIM LLP
1100 Main Street, Suite 2700
Kansas City, MO 64105
Tel: (816) 256-3181
edgreim@gravesgarrett.com
pbrothers@gravesgarrett.com
mmueller@gravesgarrett.com
kmitra@gravesgarrett.com

Jeannie S. Rhee (*admitted pro hac vice*)
L. Rush Atkinson (*admitted pro hac vice*)

Kyle Smith (*admitted pro hac vice*)
Elizabeth N. Brandt (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, D.C. 20004-2637
Tel: (202) 240-2900
jrhee@dirllp.com
ratkinson@dirllp.com
ksmith@dirllp.com
ebrandt@dirllp.com

Christine M. Ray (*admitted pro hac vice*)
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 470-1306
cray@dirllp.com

*Attorneys for Defendant Snap Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, a copy of the foregoing document was served via the Court's electronic filing system, and by Electronic Mail, on all counsel of record.

/s/ *Carrie E. Josserand*
Carrie E. Josserand
An Attorney for Defendant