**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General,** | ) | |
| **Plaintiff(s),** | ) | **CASE NO. 5:25-CV-04109-DDC-GEB** |
| **v.** | ) | |
| **SNAP INC.,** | ) | |
| **Defendant(s).** | ) | |

**<u>RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

This Court should not adopt the erroneous reasoning from *Parish of Cameron v. Devon Energy Production Co.*, __F.4th__, No. 26-30505, 2026 WL 3002118 (5th Cir. Oct. 5, 2026). In that case, the Fifth Circuit waived away the unique federalism concerns stemming from automatic stays that are "not at issue" in arbitration cases. *Cal. by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025); *see also* Opp'n to Snap Inc.'s Mot. to Stay, Doc. 76 at 7–8 (Sep. 18, 2026) ("State Opp'n"). The court posited that discretionary stays equally invade state sovereignty, so if one is permissible, so is the other. *Cameron*, 2026 WL 3002118, at *4. But that misses a key difference. With a discretionary stay, the district court can weigh the impingement on state sovereignty to see if it may be justified, *see* State Opp'n at 10, unlike here, where Snap's underlying merits argument has been roundly rejected, *id.* at 3–4 (explaining why Snap is unlikely to succeed on the merits); Notice of Suppl. Authority, Doc. 78 (Oct. 15, 2026) (same). Automatic stays give courts no such flexibility, ignoring any federalism concerns.

Further, the Fifth Circuit opinion conflates cases involving arbitration or qualified immunity with cases regarding forum selection, applying *Coinbase*'s rule to everyone. *Cameron*, 2026 WL 3002118, at *3. But federal officer removal is not the type of "other analogous context," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746 (2023), that entitles plaintiffs to "avoid litigation altogether." *California*, 139 F.4th at 771 n.7; *see also* State Opp'n at 7–8. The Fifth Circuit did not engage with (or even cite) the Ninth Circuit's well-reasoned conclusions on this issue.

There is no reason for this Court to adopt the Fifth Circuit's holding here, especially because the order does not engage with key arguments the State has raised regarding state sovereignty and the reach of the *Coinbase* opinion.

Dated: October 26, 2026

Respectfully submitted,

/s/ *Paul Shipp*
Paul Shipp (KS #20263)
Assistant Attorney General
Nathaniel J. Castillo (KS #28584)
First Assistant Attorney General
Office of the Attorney General
Public Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
paul.shipp@ag.ks.gov
nathaniel.castillo@ag.ks.gov

David H. Thompson*
Brian W. Barnes*
Megan M. Wold*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
mwold@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Kansas by using the appellate CM/ECF system on October 26, 2026. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

Dated: October 26, 2026

/s/ *Paul Shipp*
Attorney for Plaintiff